IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATASHA DAVIS, et al., )<br>)<br>    *Plaintiffs*, )<br>)<br>v. )<br>)<br>WASHINGTON UNIVERSITY IN ST. )<br>LOUIS, et al., )<br>)<br>    *Defendants*. )<br>) | Case No. 4:17-cv-01641-RLW |

### DEFENDANTS' MOTION TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXCLUDE PLAINTIFFS' EXPERT

Pursuant to Local Rule 13.05(A), Defendants Washington University in St. Louis (the "University"), its Board of Trustees, the Retirement Plan Advisory Committee (the "RPAC"), the Plan Administration Committee, and the Executive Vice Chancellor and Chief Administrative Officer (collectively, "Defendants") respectfully move this Court for an order allowing Defendants to file under seal, in full or in part, certain documents filed in connection with their (1) Motion for Summary Judgment; (2) Local Rule 4.01(E) Statement of Uncontroverted Material Facts in support of their Motion for Summary Judgment; and (3) Motion to Exclude Plaintiffs' Expert Veronica Bray (collectively, the "SJ and *Daubert* Motions").

The documents subject to this Motion are described in Appendix A, attached hereto. In support, Defendants rely on the accompanying supporting Memorandum, as well as the Stipulated Protective Order and Confidentiality Agreement entered on November 19, 2020 ("Protective Order"), in which the Court "grant[ed] leave to file [protected material] under seal

in compliance with Local Rule 13.05(A) of the Local Rules[.]"  Dkt. 75, ¶ 10.  In further support of this Motion, and pursuant to Local Rule 13.05(A)(4)(a), Defendants state as follows:

1.  The material Defendants seek to file under seal was produced or generated in this litigation and has been designated as Confidential pursuant to the Protective Order.  Dkt. 75.

2.  Pursuant to that Protective Order, the parties agreed that documents designated as Confidential may be filed with the Court under seal, and the Court has granted the parties leave to do so.  *Id.* ¶ 10.  Defendants' SJ and *Daubert* Motions and related briefing also refer in places to the confidential material subject to this Motion, and Defendants therefore seek to file such references under seal as well, while filing redacted versions on the public docket.

3.  The material and information that Defendants seek to file under seal fall generally into one or more of the following categories:  (a) sensitive and competitive pricing information from service providers to the University and/or the Washington University Retirement Savings Plan (the "Plan"); (b) minutes and related materials associated with the internal deliberations and decisions by the University committee responsible for monitoring certain aspects of the Plan's administration (the "RPAC"); (c) documents prepared by the University's independent plan consultant, Cammack, which reflects its proprietary work product, advice, and/or data (such as fee-benchmarking data or information derived from its many other clients); (d) fiduciary training with a legal focus, and involving the University's legal counsel; and (e) testimony (both deposition and written expert reports) of Defendants' witnesses, Plaintiffs' experts, and third-party service providers that address similar categories of confidential information as above.

4.  The legal grounds for sealing are that the disclosure of such information would, among other potential implications, (1) reveal confidential and competitive pricing information, including by third-party service providers; (2) potentially jeopardize the University's relationship with those service providers; and (3) interfere with the ongoing administration of the Plan by

disclosing competitively sensitive information.  As explained further in Defendants' Memorandum Supporting Sealing, courts frequently seal "confidential and competitively sensitive information." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013); *see also Sigma-Aldrich Co., LLC v. Spittler*, 2016 WL 3227675, at *2 (E.D. Mo. June 9, 2016) (White, J.) (sealing "confidential and competitively sensitive information").

5. Good cause exists for filing the Confidential Information under seal, as set forth above. The parties have agreed to keep certain material confidential and have produced such confidential and proprietary information with the assurance that it will not become publicly known. Defendants, for the protection of its ongoing Plan operations and other interests, desire confidentiality. Likewise, Defendants have confirmed that third-party service providers TIAA and Cammack, each of which has produced documents in this case, desire to retain their existing confidentiality designations with respect to those materials.

WHEREFORE, for these reasons and those set forth in the accompanying Memorandum, Defendants respectfully ask that the Court seal the above-listed documents indefinitely.

Dated: January 14, 2022                                        Respectfully submitted,

                                                               By: /s/ *Deborah S. Davidson*

| | |
|---|---|
| Christopher A. Smith<br>HUSCH BLACKWELL<br>The Plaza in Clayton<br>190 Carondelet Plaza, Suite 600<br>St. Louis, Missouri 63105<br>Tel.: 314-480-1836<br>Fax: 314-480-1505<br>chris.smith@huschblackwell.com<br><br>*Counsel for Defendants* | Brian T. Ortelere (pro hac vice)<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market St.<br>Philadelphia, PA 19103<br>Tel.: 215-963-5000<br>Fax: 215-963-5001<br>brian.ortelere@morganlewis.com<br><br>Deborah S. Davidson (pro hac vice)<br>Matthew A. Russell (pro hac vice)<br>Samuel D. Block (pro hac vice)<br>MORGAN, LEWIS & BOCKIUS LLP<br>110 N. Wacker Drive<br>Chicago, Illinois 60606<br>Tel.: 312-324-1000<br>Fax: 312-324-1001<br>deborah.davidson@morganlewis.com<br>matthew.russell@morganlewis.com<br>samuel.block@morganlewis.com |

## CERTIFICATE OF SERVICE

 I, Deborah S. Davidson, hereby certify that, on January 14, 2022, I caused a true and correct copy of the foregoing *Motion to File Under Seal Certain Documents in Support of Their Motion for Summary Judgment and Motion to Exclude Plaintiffs' Expert*, including the exhibits thereto, to be served on Plaintiffs' counsel of record via the Court's ECF system.

 *Deborah S. Davidson*
 Deborah S. Davidson

## APPENDIX A

| DESCRIPTION | SEALING REQUEST |
|---|---|
| **Defendants' Local Rule 4.01(E) Statement of Uncontroverted Material Facts** | Seal In Full |
| **Memorandum of Law In Support of Defendants' Motion for Summary Judgment** | Seal In Part |
| **Memorandum of Law In Support of Defendants' Motion for To Exclude Plaintiffs' Expert Veronica Bray** | Seal In Part |
| **Declaration of Jennifer Schaefer in Support of Defendants' Motion for Summary Judgment** | |
| Ex. 5, WASHU000111023 (Recommendation to work with Cammack LaRhette) | Seal In Full |
| Ex. 6, WASHU000020830 - Investment Advisory Services Agreement | Seal In Full |
| Ex. 8, WASHU000015422 (Fiduciary Due Diligence Report, presented at Committee Meeting for Fourth Quarter, 2015) | Seal In Full |
| Ex. 9, WASHU000052542 (Vanguard October 8, 2015, best and final offer for the mapping option) | Seal In Full |
| Ex. 10, WASHU000030064 (June 13, 2014 email on multi-vendor options and considerations from Vanguard to members of the Committee) | Seal In Full |
| Ex. 11, WASHU000105773 (2014 Memorandum re TIAA-CREF annuity contract types) | Seal In Full |
| Ex. 12, WASHU000052552 (TIAA July 2, 2015, best and final offer for recordkeeping services) | Seal In Full |
| Ex. 13, WASHU000014527 (Memorandum re Consolidation of third-party administration and recordkeeping) | Seal In Full |
| Ex. 14, WASHU000052663 (December 9, 2015, "Retirement Plan Consolidation" emails) | Seal In Full |
| Ex. 16, WASHU000000469 (Request for Proposal Analysis) | Seal In Full |
| Ex. 17, WASHU000003930 (August 1, 2009 Vanguard Recordkeeping Fee Agreement) | Seal In Full |
| Ex. 18, WASHU000011051 (2014 408(b)(2) Vanguard All-in Fee Disclosure) | Seal In Full |
| Ex. 19, WASHU000092462 (Washington University State of the Plan, December 2013) | Seal In Full |
| Ex. 20, WASHU000038355 (August 2018 RFP) | Seal In Full |
| Ex. 21, WASHU000106137 (RFP analysis and selection) | Seal In Full |
| Ex. 22, WASHU000004749 (April 29, 2011 email between WashU and TIAA finalizing reduced fund expenses) | Seal In Full |
| Ex. 24, WASHU000003253 (December 5, 2017 Discussion Items and Approval Request Talking Points RPAC Presentation) | Seal In Full |
| Ex. 26, WASHU000047668 (5-10-18 Schaefer email chain RE TIAA Real Estate Link | Seal In Full |

| | |
|---|---|
| Ex. 27, WASHU000043455 (raising concerns about cross selling to TIAA on May 30, 2019) | Seal In Full |
| Ex. 28, Compiled TIAA Recordkeeping Agreement and Amendments | Seal In Full |
| Ex. 29, Compiled TIAA 408(b)(2) disclosures | Seal In Full |
| Ex. 30, Compiled Fiduciary Trainings 2014-2019 | Seal In Full |
| Ex. 33, WASHU000027657 (Benefits Committee responsibilities, June 11, 2011) | Seal In Full |
| Ex. 34, WASHU000027752 (Benefits Committee February Presentation, February 24, 2012) | Seal In Full |
| Ex. 35, WASHU000082177 (Kimberly G. Walker invitation to serve) | Seal In Full |
| Ex. 36, WASHU000033114 (July 7, 2012 emails between the Committee and Cammack) | Seal In Full |
| Ex. 39, WASHU000015400 (Cammack Target Date Analysis, presented at Committee Meeting for Fourth Quarter, 2015) | Seal In Full |
| Ex. 40, WASHU000052539 (Vanguard October 8, 2015, best and final offer for the non-mapping option) | Seal In Full |
| Ex. 43, WASHU000012794 (projecting "share class expense ratios" to go from "0.455% to 0.370% under the new structure") | Seal In Full |
| Ex. 46, WASHU000110962 (5-19-14 emails re Stanford) | Seal In Full |
| Ex. 49, WASHU000005515 (TIAA investment review and analysis, September 13, 2011) | Seal In Full |
| Ex. 52, WASHU000022963 (September 8, 2014, presentation to University Council describing the proposal) | Seal In Full |
| Ex. 53, Compiled RPAC Committee Minutes | Seal In Full |
| Ex. 55, WASHU000019245 (Cammack Memo re Streamlined Fund Array) | Seal In Full |
| Ex. 56, WASHU000021320 (November 24, 2015 Committee presentation to Board of Trustees Compensation Committee) | Seal In Full |
| **Declaration of Matthew Russell in Support of Defendants' Statement of Uncontroverted Material Facts** | |
| Ex. 64, Expert Report of Steven K. Gissiner December 6, 2021 | Seal In Full |
| Ex. 69, *TIAA_WUSTL_00030139* - CREF Administrative Services Agreement | Seal In Full |
| Ex. 70, *WASHU_EXPERT000000259* - Declaration of Greg Papantonio | Seal In Full |
| Ex. 71, *WASHU_EXPERT000000264* - Declaration of Brian Rohr | Seal In Full |
| Ex. 74, *Cammack_WashU_0001667* - May 2012 Cammack - Retirement Plan Consulting Services Proposal | Seal In Full |
| Ex. 75, Deposition Transcript of Legail Chandler, April 14, 2021 | Seal In Full |
| Ex. 76, Deposition Transcript of Adam Polacek, July 16, 2021 | Seal In Full |
| Ex. 77, Deposition Transcript of Jennifer Schaefer, May 28, 2021 | Seal In Full |
| Ex. 78, Deposition Transcript of Peter Wiedenbeck – May 26, 2021 | Seal In Full |
| Ex. 79, Deposition Transcript of Mike Webb – June 8, 2021 | Seal In Full |
| Ex. 80, Deposition Transcript of Matthew Saari – July 16, 2021 | Seal In Full |
| Ex. 81, Deposition of TIAA by Ed Cortez on Written Question – | Seal In Full |

| January 11, 2022 | |
| --- | --- |
| **Declaration of Matthew Russell in Support of Defendants' Memorandum of Law in Support of Summary Judgment** | |
| Ex. C - Veronica Bray Expert Report 08.30.21 | Seal In Full |
| **Defendants' Motion to Exclude Plaintiffs' Expert Veronica Bray** | |
| Memorandum Of Law In Support of Defendants' Motion to Exclude Plaintiffs' Expert Veronica Bray | Seal In Part |
| Ex. A - Veronica Bray Expert Report 08.30.21 | Seal In Full |
| Ex. D - Cammack 2018 RFP analysis (WASHU000106137) | Seal In Full |