# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LATASHA DAVIS, JENNIFER ELLIOTT, and MARLA ALIECE SIMS-KING, Individually and as representatives of a class of participants and beneficiaries in and on behalf of the WASHINGTON UNIVERSITY RETIREMENT SAVINGS PLAN, | ) ) ) ) ) ) ) ) |
| | Case No. 4:17-cv-01641-RLW |
| Plaintiffs, | ) ) **PLAINTIFFS' UNOPPOSED MOTION** |
| | ) **FOR PRELIMINARY APPROVAL OF** |
| v. | ) **CLASS ACTION SETTLEMENT, AND** |
| | ) **MEMORANDUM OF LAW IN** |
| WASHINGTON UNIVERSITY IN ST. | ) **SUPPORT THEREOF** |
| LOUIS,  WASHINGTON UNIVERSITY IN ST. LOUIS BOARD OF TRUSTEES, WASHINGTON UNIVERSITY IN ST. LOUIS RETIREMENT PLAN ADVISORY COMMITTEE, WASHINGTON UNIVERSITY IN ST. LOUIS PLAN ADMINISTRATION COMMITTEE, and WASHINGTON UNIVERSITY IN ST. LOUIS EXECUTIVE VICE CHANCELLOR AND CHIEF ADMINISTRATIVE OFFICER | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ......................................................................................................... 1

II.    FACTUAL AND PROCEDURAL BACKGROUND.................................................... 1

    A.     Plaintiffs' Allegations ..................................................................................... 1

    B.     Early Case Activities ....................................................................................... 2

    C.     Discovery ......................................................................................................... 3

    D.     Class Certification, Daubert, and Dispositive Motions.................................... 3

    E.     The Settlement Negotiations ............................................................................ 4

III.   SUMMARY OF THE SETTLEMENT TERMS ......................................................... 4

    A.     Benefits to the Settlement Class ...................................................................... 4

    B.     Retention of an Independent Fiduciary............................................................ 6

    C.     Notice and Objections and the Settlement Administrator................................. 6

    D.     Attorneys' Fees and Expenses and Plaintiffs' Service Awards ....................... 7

    E.     Release of Claims ............................................................................................ 7

IV.    ARGUMENT............................................................................................................... 7

    A.     The Settlement Class Meets All the Requirements of Rule 23(a) and (b)(1) .................... 8

        1.     Rule 23(a) Requirements Are Satisfied ................................................ 8

            a.     The Class Members Are Too Numerous To be Joined............................ 8

            b.     There Are Common Questions of Law and Fact ...................................... 9

            c.     Plaintiffs' Claims Are Typical of the Class ............................................ 9

            d.     Plaintiffs and Co-Lead Class Counsel Will Fairly
                and Adequately Protect the Interests of the Class................................... 10

        2.     The Requirements of Rule 23(b) Are Met ........................................... 11

    B.      The Settlement Should Be Approved As Fair, Reasonable and Adequate...................... 11

        1.     The Merits of Plaintiffs' Claims Are Commensurate with the Settlement Terms13

2.      Defendants' Financial Condition ........................................................ 13

3.      Continued Litigation Is Likely To Be Time-Consuming, Complex, and
        Expensive........................................................................................... 13

4.      No Opposition to the Proposed Settlement.......................................... 14

5.      The Proposed Settlement Is the Product of Arm's Length
        Negotiation Among Experienced Counsel............................................ 14

V.      CONCLUSION............................................................................................. 15

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:17-cv-01641-RLW

## TABLE OF AUTHORITIES

### CASES

*In re Aquila ERISA Litig.*,
    237 F.R.D. 202 (W.D. Mo. 2006) ................................................................................... 11

*In re Centurylink Sales Practices & Secs. Litig.*,
    MDL No. 17-2795, 2021 U.S. Dist. LEXIS 135880 (D. Minn. Jul. 21, 2021) ................................ 8, 12

*Cooper v. Home Care, Inc.*,
    No. 4:16-cv-1293-DGK, 2018 U.S. Dist. LEXIS 119748 (W.D. Mo. Jul. 18, 2018) ......................... 14

*Cullan and Cullan LLC v. M-Qube, Inc.*,
    No. 8:13-cv-172, 2016 U.S. Dist. LEXIS 132325 (D. Neb. Sept. 27, 2016) ....................................... 14

*Davis v. Stadion Money Mgmt., LLC*,
    No. 8:19-cv-556. 2021 U.S. Dist. LEXIS 184619 (D. Neb. Sept. 27, 2021) ...................................... 10

*Davis v. Wash. Univ. in St. Louis*,
    960 F.3d 478 (8th Cir. 2020) ......................................................................................... 2, 3, 10

*Donaldson v. Pillsbury Co.*,
    554 F.2d (8th Cir. 1977), *cert. denied*, 434 U.S. 856 (1977) ............................................................ 10

*Fellows v. Am Campus Cmtys. Servs.*,
    No. 4:16-cv-01611-JAR, 2018 U.S. Dist. LEXIS 103003 (E.D. Mo. Jun. 20, 2018) ......................... 12

*George v. Uponor Corp.*,
    No. 12-cv-00249-ADM-JJK, 2015 U.S. Dist. LEXIS 76111 (D. Minn. Jun. 12, 2015) ..................... 15

*Huyer v. Njema*,
    847 F.3d 9939 (8th Cir. 2017) ......................................................................................................... 12

*Jones v. Monsanto*,
    No. 19-cv-0102-W-BP, 2021 U.S. Dist. LEXIS 91260 (W.D. Mo. May 13, 2021) ........................... 12

*Jones v. NovaStar Fin., Inc.*,
    257 F.R.D. 181 (W.D. Mo. 2009) ................................................................................... 11

*Karg v. Transamerica Corp.*,
    No. 1:18-cv-134-CJW-KWM, 2020 U.S. Dist. Lexis 110323 (N.D. Iowa Mar. 25, 2020) ................................................................................................... 8, 9, 10

*Krueger v. Ameriprise Fin., Inc.*,
    304 F.R.D. 559 (D. Minn. 2014) .................................................................................... 9, 11

*Krueger v. Ameriprise Fin., Inc.*,
    No. 11-cv-02781-SRN-JSM, 2015 U.S. Dist. LEXIS 91385 (D. Minn. July 13, 2015) ..................... 14

*Martinez v. Medicredit, Inc.*,
   No. 4:16-cv-01138-ERW, 2018 U.S. Dist. LEXIS 81818 (E.D. Mo. May 15, 2018) ......................... 12

*Meller v. Bank of the West*,
   No. 3:18-cv-00033-JAJ-SBJ, 2018 U.S. Dist. LEXIS 169629 (S.D. Iowa Sept. 10,
   2018) ......................................................................................................................................... 10

*Paxton v. Union Nat. Bank*,
   688 F.2d 552 (8th Cir. 1982) ............................................................................................. 9, 10

*Petrovic v. Amoco Oil Co.*,
   200 F.3d 1140 (8th Cir. 1999) ................................................................................................ 13

*Prof'l Firefighters Ass'n of Omaha, Local 385 v. Zalewski*,
   678 F.3d 640 (8th Cir. 2012) ................................................................................................. 12

*Rozo v. Principle Life Ins. Co.*,
   No. 4:14-cv-000463-JAJ-CFB, 2017 U.S. Dist. LEXIS 82183 (S.D. Iowa May 12,
   2017) ........................................................................................................................................... 9

*Ruppert v. Principal Life. Ins. Co.*,
   252 F.R.D. 488 (S.D. Iowa 2008) ............................................................................................. 9

*Schoenbaum v. E.I. DeNemours & Co.*,
   No. 4:05-cv-01108-ERW, 2009 U.S. Dist. LEXIS 114080 (E.D. Mo. Dec. 8, 2009) ......................... 12

*In re St. Jude Med., Inc.*,
   425 F.3d 1116 (8th Cir. 2005) .................................................................................................... 8

*Stuart v. State Farm Fire & Cas. Co.*,
   910 F.3d 371 (8th Cir 2018) ...................................................................................................... 8

*Tussey v. ABB, Inc.*,
   No. 2:06-cv-04305-NKL, 2017 U.S. Dist. LEXIS 203969 (W.D. Mo. Dec. 12, 2017) ...................... 14

*Walmart Stores Inc., v. Dukes*,
   564 U.S. 338 (2011) ................................................................................................................. 10

*Wildman v. Am. Century Servs., LLC*,
   No. 4:16-cv-00737-DGK, 2017 U.S. Dist. LEXIS 200574 (W.D. Mo. Dec. 6, 2017) ................. 10, 11

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.*,
   396 F.3d 922 (8th Cir. 2005) .............................................................................................. 13, 14

**STATUTES**

29 U.S.C. §§ 1001-1461 ..................................................................................................................... 2

29 U.S.C. § 1109(a) ..................................................................................................................... 2, 10

29 U.S.C. § 1132(a) ......................................................................................................................... 10

iv

29 U.S.C. § 1132(a)(2)-(3) .................................................................................................................... 2

29 U.S.C. § 1132(g) ............................................................................................................................... 2

**OTHER AUTHORITIES**

FED. R. CIV. P. 23, *et seq.* .................................................................................................................*passim*

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:17-cv-01641-RLW

## <u>PLAINTIFFS' MOTION FOR PRELIMINARILY APPROVAL<br>OF CLASS ACTION SETTLEMENT</u>

Plaintiffs Latasha Davis, Jennifer Elliot, and Marla Aliece Sims-King ("Plaintiffs"), individually and on behalf of all others similarly situated, and on behalf of the Washington University in St. Louis Retirement Plan ("Plan"), move this Court pursuant to Federal Rules of Civil Procedure 23, for an Order: (1) preliminarily approving the parties' proposed $7.5 million class action settlement (the "Settlement"); (2) certifying the proposed Settlement Class for settlement purposes; (3) directing notice as set forth herein; (4) appointing Co-Lead Class Counsel; (5) appointing a Settlement Administrator; and (6) setting a Final Fairness Hearing to consider granting final approval of the Settlement.

This Motion is based on the incorporated Memorandum of Law, the Joint Declaration of Class Counsel, the Declaration of the proposed Settlement Administrator, all other exhibits attached hereto, the record in this action, the argument of counsel, and any other matters the Court may consider.

WHEREFORE, Plaintiffs respectfully requests that the Court grant their Unopposed Motion and enter the Preliminary Approval Order.


Dated:  April 15, 2022

Respectfully submitted,

/s/  *John J. Nestico*

Todd S. Collins
Ellen T. Noteware
BERGER MONTAGUE PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103-6365
*tcollins@bm.net*
*enoteware@bm.net*

Steven A. Schwartz
Beena M. McDonald
CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP
361 West Lancaster Avenue
Haverford, PA 19041

Tel.: 610-642-8500
Fax: 610-649-3633
*steveschwartz@chimicles.com*
*bmm@chimicles.com*

John F. Edgar
EDGAR LAW FIRM LLC
2600 Grand Blvd., Suite 440
Kansas City, Missouri 64108
(816) 531-0033
Fax: (816) 531-3322
*jfe@edgarlawfirm.com*

John J. Nestico
SCHNEIDER WALLACE COTTRELL
KONECKY  LLP
6000 Fairview Rd., Suite 1200
Charlotte, NC  28210
Telephone: (510) 740-2946
Facsimile: (415) 421-7105
*jnestico@schneiderwallace.com*

Todd Schneider
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
*tschneider@schneiderwallace.com*

Eric Lechtzin, Esq.
EDELSON LECHTZIN LLP
3 Terry Drive, Suite 205
Newtown, PA 18940
Cell: 267-408-8445
Main: 215-867-2399
Fax: 267-685-0676
*elechtzin@edelson-law.com*

John J. Carey
John F. Garvey
James J. Rosemergy
CAREY, DANIS & LOWE
8235 Forsyth Boulevard
Suite 1100

2

Clayton, MO 63105
Tel.:  314-725-7700
Fax:  314-721-0905
*jcarey@careydanis.com*
*jgarvey@careydanis.com*
*jrosemergy@careydanis.com*

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, John J. Nestico, hereby certify that on April 15, 2022, I caused to be served, via

electronic mail a true and correct copy of Plaintiffs' Motion for Preliminary Approval of Class

Action Settlement and Memorandum of Law in Support Thereof to the following:

Deborah S. Davidson
Matthew A. Russell
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, Illinois 60606
*deborah.davidson@morganlewis.com*
*matthew.russell@morganlewis.com*

Brian T. Ortelere
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103
*brian.ortelere@morganlewis.com*

Christopher A. Smith
HUSCH BLACKWELL
The Plaza in Clayton
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
*chris.smith@huschblackwell.com*

*/s/ John J. Nestico*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

After nearly five years of intensive litigation, Plaintiffs Latasha Davis, Jennifer Elliot, and Marla Aliece Sims-King[1] seek preliminary approval of a $7,500,000 Class Action Settlement ("Settlement") that would resolve this ERISA litigation and compensate the Settlement Class.[2] The proposed Settlement is fair, reasonable, adequate, and in the best interests of Settlement Class Members, providing for a substantial and immediate benefit. The Settlement was reached after arm's length negotiations with a widely-recognized and distinguished mediator, and is the product of hard-fought litigation, comprising: motions to dismiss briefing and argument, including review by the Eighth Circuit; full class certification briefing; Defendants' and third parties' production and Plaintiffs' careful review of over 113,000 pages of documents; 11 fact witness depositions and three expert depositions; and motion practice that addressed a discovery dispute as well as summary judgment and *Daubert* motions. The developed record gave the parties a thorough understanding of the strengths and weaknesses of their positions in this case and informed its settlement. But for the Settlement, the case was scheduled to proceed to trial in June 2022.

Plaintiffs respectfully submit this Memorandum in support of their unopposed motion for entry of an order that will: (1) preliminarily approve the proposed $7.5 million Settlement of the claims asserted in this Action; (2) certify the proposed Settlement Class; (3) approve the form and manner of giving notice of the proposed Settlement and related matters to Settlement Class Members; (4) appoint Class Counsel; (5) appoint a Settlement Administrator; and (6) set a date for a Final Fairness Hearing for final approval of the Settlement and its  Plan of Allocation, and a motion for approval of Attorneys' Fees and Expenses and Plaintiffs' Compensation awards.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

    **A.     Plaintiffs' Allegations**

Beginning in 2017, Plaintiffs, individually and on behalf of a putative class of participants

---

[1] Since the filing of the operative complaint, Plaintiff Marla Aliece Sims-King has changed her name to Marla Aliece King.

[2] All capitalized terms herein have the same meaning as proscribed in the Class Action Settlement Agreement, dated April 15, 2022, attached hereto as **Exhibit A**.

and beneficiaries of the Washington University in St. Louis Retirement Savings Plan ("Plan"), filed two complaints in the United States District Court for the Eastern District of Missouri. Plaintiffs brought suit under the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA"), alleging that Defendants breached their fiduciary duties of prudence and loyalty in managing and administering the Plan, thereby causing the Plan to incur excessive recordkeeping and investment fees. Plaintiffs sought to recover all alleged losses to the Plan resulting from each breach of duty under ERISA § 409(a), 29 U.S.C. § 1109(a), as well as other forms of equitable and remedial relief under ERISA § 502(a)(2) and (3), 29 U.S.C. § 1132(a)(2)-(3), and costs and attorneys' fees pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and the common fund doctrine.

The initial complaint was filed by Plaintiffs Latasha Davis and Jennifer Elliott on June 8, 2017, in Case No. 4:17-cv-01641.  (ECF No. 1.)  Plaintiff Marla Aliece Sims-King filed a separate complaint on June 23, 2017, in Case No. 4:17-cv-01785, alleging substantively similar claims. The Court granted an unopposed motion to transfer and consolidate the matters into the first-filed case, No. 4:17-cv-01641 (ECF No. 15), after which Plaintiffs filed a Consolidated Class Action Complaint on August 21, 2017 (ECF No. 24).

### B.      Early Case Activities

On October 5, 2017, Defendants moved to dismiss the Consolidated Class Action Complaint (ECF No. 34).  Plaintiffs filed an opposition thereto (ECF No. 36), and Defendants replied (ECF No. 38). This Court granted Defendants' motion and dismissed Plaintiffs' Consolidated Class Action Complaint with prejudice on September 28, 2018. (ECF Nos. 51-52.) Plaintiffs timely appealed the Court's dismissal to the United States Court of Appeals for the Eighth Circuit. (ECF No. 52.)

On May 22, 2020, after full briefing and argument, the Eighth Circuit entered an Order affirming in part and reversing in part the judgment of this Court and remanding for further proceedings. *Davis v. Wash. Univ. in St. Louis*, 960 F.3d 478 (8th Cir. 2020). In its unanimous ruling, the Eighth Circuit affirmed dismissal of certain claims, but reversed the dismissal of Plaintiffs' allegations that Defendants breached their fiduciary duties by allowing the Plan to pay excessive administrative and investment fees. *Id.*

After remand, on July 8, 2020, Plaintiffs filed an Amended Consolidated Class Action Complaint. (ECF No. 64.) Defendants answered that complaint on July 28, 2020, denying the allegations of fiduciary breach and any liability in this matter. (ECF No. 65.)

On February 2, 2021, with leave of Court (ECF No. 82), Plaintiffs filed the operative Second Amended Consolidated Class Action Complaint ("SAC"). (ECF No. 83.) Defendants filed an Answer and Defenses to the Complaint on February 16, 2021.  (ECF No. 86.)

### C.      Discovery

The parties completed comprehensive fact discovery through document production, written discovery, and depositions. Plaintiffs obtained and reviewed over 20,000 documents. consisting of more than 113,000 pages, from Defendants and non-parties. The materials obtained through discovery addressed the essential factual questions in this case: the identification of the Plan's fiduciaries, the fiduciary duties imposed upon them, and whether they satisfied their fiduciary obligations under ERISA. The parties also exchanged expert reports and took expert depositions.

### D.      Class Certification, *Daubert*, and Dispositive Motions

Class certification was fully briefed but has not been ruled upon by the Court. Plaintiffs filed their motion for class certification on March 15, 2021. (ECF Nos. 92, 93.) Defendants filed their opposition on May 11. (ECF No. 104.) Plaintiffs replied on June 10. (ECF No. 110.)

On January 14, 2022, Defendants' filed a motion to exclude Plaintiffs' liability expert and a motion for summary judgment. (ECF Nos. 126-133.) Defendants did not seek to exclude Plaintiffs' loss expert Dr. David Denis. Opposition briefing on Defendants' motions had not concluded prior to reaching the Settlement.

### E.      The Settlement Negotiations

The Court approved and appointed the parties' selection of Hunter Hughes, III, as a neutral mediator. On January 26, 2022, the parties engaged in a full-day mediation before Mr. Hughes, who has extensive experience handling ERISA fiduciary-breach lawsuits similar to this one. No settlement was reached on January 26, but discussions between the parties and Mr. Hughes continued. On February 23, the parties reached an agreement-in-principle to the proposed Settlement, the terms of which are now memorialized in the Settlement Agreement.

Upon informing the Court of the agreement-in-principle, on February 28, 2022, the Court granted the parties' motion to vacate all case deadlines and further denied all outstanding motions without prejudice. (ECF No. 142.)

## III.   SUMMARY OF THE SETTLEMENT TERMS

### A.   Benefits to the Settlement Class

The Settlement Agreement provides for a cash payment of $7.5 million (the "Settlement Amount") plus substantial prospective non-monetary relief for the Settlement Class Members. (Ex. A, ¶¶ 2.21, 5.4-5.5). The Settlement Class consists of all persons who participated in the Plan at any time during the Settlement Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order that was in effect before the end of the Settlement Class Period and who participated in the Plan at any time during the Settlement Class Period. (*Id.*, ¶ 2.37.) This is a non-opt out settlement class. (*Id.*)

The Settlement Class Period is defined as June 8, 2011 through March 31, 2022. (*Id.*, ¶ 2.39.)

Excluded from the Settlement Class are: Monica Allen, Donna Bequette, Lisa Braun, Robert Buer, Trey Byrne, Legail Chandler, Mary Corcoran, Phil Dybvig, Ronald Faulbaum, Barbara Feiner, Lorraine Goffe-Rush, Linda Hack, Margo Jarrell, Amy Kweskin, Ann Prenatt, Jennifer Schaefer, Michael Stohler, Mary Stull, Kim Walker, Henry Webber, Peter Wiedenbeck, Lisa Wood, and Gary Yuhas, all of whom have either served in some fiduciary capacity to the Plan during the Class Period or participated in approving the terms of the Settlement. (*Id.*, ¶ 2.37)

Under the Settlement, Defendants will pay $7,500,000 into a Qualified Settlement Fund for Settlement Class Members. (*Id.*, Article 5.) The Settlement Amount will also cover the administrative costs associated with implementing the Settlement; any applicable taxes or tax-related costs; independent fiduciary fees; any Plaintiff Compensation awards approved by the Court; and any Attorney's Fee and Expenses approved by the Court. (*Id.*, ¶ 5.8.1.) Plaintiffs will seek up to one-third of the fund in attorneys' fees, plus expenses, and a $5,000 service award for each of the three class representatives. (*Id.*, ¶ 7.1; Joint Declaration of Steven A. Schwartz, Todd

S. Collins, and John J. Nestico ("Joint Decl."), ¶ 4, attached hereto as **Exhibit B**.) The remaining Net Settlement Amount will be distributed to members of the Settlement Classes pursuant to the terms of the Settlement Agreement and the proposed Plan of Allocation. (*Id.*, ¶ Article 6.)

The Net Settlement Fund will be distributed according to the Plan of Allocation in the Settlement. (*Id.*) To be eligible for a distribution, a Settlement Class Member must be (a) a Current Participant; (b) a Former Participant whose Preliminary Entitlement Amount (defined below) is at least twenty-five dollars ($25); or (c) a Beneficiary or Alternate Payee of a Current Participant or Former Participant. (*Id.*, ¶ 6.2.)

Defendants also have agreed to important non-monetary terms in the form of: (i) providing annual fiduciary training for all Retirement Plan Advisory Committee ("RPAC") members; (ii) evaluating the Plan's Investment Policy Statement ("IPS") at least annually, with input from the Plan's benefits consultant, and implement any updates to the IPS; (iii) issuing a Request for Proposals ("RFP") for Plan recordkeeping services within three (3) years; (iv) having the Plan's investment consultant advise Defendants on the Plan's investment options and fees, including the performance of Plan investment options, the costs/fees of those investment options, the reasonableness of Plan recordkeeping fees (generally, and in light of the particular services provided to the Plan), the method or means of paying Plan recordkeeping fees, and the overall Plan investment lineup (including the number of options, diversification among those options, etc.); and (v) continuing to maintain the privacy of Settlement Class Members' confidential personal information, and to instruct the Plan's recordkeeper(s) not to use (or allow to be used) personal Settlement Class Members' information obtained as a result of providing recordkeeping services to the Plan for the purpose of selling non-Plan services or products. (*Id.*, Article 10.)

### B.     Retention of an Independent Fiduciary

As is required by Prohibited Transaction Exemption 2003-39, 68 FR 75632 (Dec. 31, 2003), an independent fiduciary will review and determine whether to authorize the proposed Settlement on behalf of the Plan. (*Id.*, Article 3.)

Defendants will retain the independent fiduciary, with input from Class Counsel, and the costs associated with the independent fiduciary's engagement will be paid from the settlement as

an administrative expense. (*Id.*, 3.1.3) The Settlement Agreement provides that the Independent Fiduciary must provide a report authorizing the Settlement at least 45 days prior to the Final Fairness Hearing. (*Id.*, ¶ 3.1.2).

Accordingly, in addition to this Court's review and approval, the Settlement will be evaluated by an experienced fiduciary whose sole loyalty is to the Plan and, by extension, the Settlement Class Members, and that fiduciary will evaluate the Settlement as to whether it is (1) reasonable in the light of the litigation risk and the value of the claims, (2) consistent with an arm's length agreement, and (3) not part of an agreement or arrangement to benefit a party in interest.

### C.    Notice and Objections and the Settlement Administrator

The Settlement provides for Settlement Notice to the Class and an opportunity for Settlement Class Members to object to approval of the Settlement. (*Id.*, ¶ 3.6.) The proposed Settlement Notice will provide the Settlement Class Members with sufficient information to make an informed decision about whether to object to the proposed Settlement. (*Id.*, ¶ 3.6.1) The Settlement Notice will inform Settlement Class Members of the nature of the action, the litigation background and the terms of the Settlement, including the definition of eligible persons, the relief provided by the Settlement, the intent of Class Counsel to seek Attorney's Fees and Expenses, the proposed Plaintiffs' Compensation awards, and the scope of the release and binding nature of the Settlement. (*Id.*) The Settlement Notice will also describe the procedure for objecting to the Settlement and the date, time and place of the final approval hearing. (*Id.*)

The Settlement Notice shall be sent to the last known email address or, if no known email address (or where a known email address is determined to be invalid), then mailed by first-class mail to the last known mailing address, of each Settlement Class Member, which will be supplied by the Plan's recordkeepers and supplemented using the National Change of Address database. (*Id.*, ¶ 3.6.2.) The Settlement Notice will also being posted on a Settlement Website, and will be provided to any Settlement Class Member if requested. (*Id.*)

Class Counsel have retained Angeion Group LLC to serve as the Settlement Administrator, subject to the Court's approval,  to administer the Settlement and its Plan of Allocation. (*Id.*, ¶ 3.3; *See* Declaration of Steven Weisbrot, Esq. of Angeion Group LLC Regarding the Proposed

Settlement Notice, ("Angeion Decl."), attached hereto as **Exhibit C**. The Settlement Administrator will supervise and administer the Settlement Notice procedures, establish and operate a Settlement Website and a toll-free number, calculate allocations among Current and Former Participants, distribute Settlement Payments according to the processes and criteria set forth in the Plan of Allocation, and perform any other duties of the Settlement Administrator that are reasonably necessary or provided for in the Settlement Agreement. (*Id.*)

### D.    Attorneys' Fees and Expenses and Plaintiffs' Service Awards

Class Counsel will petition the Court for an award of Attorneys' Fees and Expenses, and for Plaintiffs' Compensation awards to be paid from the Gross Settlement Fund. (*Id.*, Article 7.) Defendants will take no position on Class Counsel's application for Attorneys' Fees and Expenses, provided that Class Counsel do not request an award of attorneys' fees higher than one-third of the Gross Settlement Amount, plus expenses. The petition for Plaintiffs' Compensation awards, in recognition of their service, will not exceed $5,000 per named Plaintiff. (*Id.*, ¶ 7.6).

### E.    Release of Claims

Under the terms of the Settlement, Plaintiffs and the Settlement Class Members, on their own behalf and on behalf of their current and former beneficiaries, their representatives, and their successors-in-interest, and the Plan, release and forever discharge all Released Claims against the Released Parties. (*Id.*, Article 8.)

## IV.    <u>ARGUMENT</u>

Plaintiffs seek provisional class certification for settlement purposes in connection with the preliminary approval of the Settlement. Per the terms of the Settlement, Defendants do not challenge class certification for purposes of preliminary approval. A court may preliminarily approve a class action settlement and direct class notice "only if the parties show that the Court will likely be able to: (i) approve the proposal under Rule 23(e)(2) [as fair, reasonable, and adequate], and (ii) certify the class for purposes of judgment on the proposal." *In re Centurylink Sales Practices & Secs. Litig.*, MDL No. 17-2795 (MJD/KMM), 2021 U.S. Dist. LEXIS 135880, *14 (D. Minn. Jul. 21, 2021); FED. R. CIV. P. 23(e)(1)(B). "At the preliminary approval stage, the 'fair, reasonable, and adequate' standard is lowered, with emphasis only on whether the settlement

is within the range of possible approval due to an absence of any glaring substantive or procedural deficiencies." *Id.*; quoting *Schoenbaum v. E.I. DeNemours & Co.*, No. 4:05-cv-01108-ERW, 2009 U.S. Dist. LEXIS 114080, at *13 (E.D. Mo. Dec. 8, 2009). In order to be certified as a Class, Plaintiffs must meet all of the requirements of Rule 23(a) and must satisfy one subsection under Rule 23(b). *Stuart v. State Farm Fire & Cas. Co.*, 910 F.3d 371, 374 (8th Cir 2018); *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005).

The Settlement meets these prerequisites and should be preliminarily approved.

## A.     The Settlement Class Meets All the Requirements of Rule 23(a) and (b)(1)

### 1.     Rule 23(a) Requirements Are Satisfied

A class may be certified under Rule 23(a) when "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a). *Karg v. Transamerica Corp.*, No. 1:18-cv-134-CJW-KWM, 2020 U.S. Dist. Lexis 110323, at *3 (N.D. Iowa Mar. 25, 2020). Plaintiffs readily satisfy each of these four requirements.

#### a.     The Class Members Are Too Numerous To be Joined

 "Multiple districts within the Eighth Circuit . . . have found numerosity satisfied when an ERISA lawsuit involved more than 2,000 potential class members." *Id.*, at *5, citing *Wildman v. Am. Century Servs., LLC*, No. 4:16-cv-00737-DGK, 2017 U.S. Dist. LEXIS 200574, at *9-10 (W.D. Mo. Dec. 6, 2017) (2,000 to 2,500 class members); *Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 569 (D. Minn. 2014) (more than 10,000); *Ruppert v. Principal Life. Ins. Co.*, 252 F.R.D. 488, 492 (S.D. Iowa 2008) (24,816 to 57,000). Here, Plaintiffs' proposed Class includes over 27,000 members as of public filings in 2020. Thus, numerosity is satisfied.

#### b.     There Are Common Questions of Law and Fact

"[N]ot every question of law or fact need be common to every member of the class." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 561 (8th Cir. 1982). "ERISA actions have sufficient commonality when class members share questions of 'whether Defendants acted as fiduciaries, whether they breached their duties of prudence and loyalty, [and] whether they violated ERISA,

as well as whether and to what extent the Plan was injured as a result.'" *Karg*, 2020 U.S. Dist. Lexis 110323, at *6-7, quoting *Jones v. NovaStar Fin., Inc.*, 257 F.R.D. 181, 186 (W.D. Mo. 2009); *see also Rozo v. Principle Life Ins. Co.*, No. 4:14-cv-000463-JAJ-CFB, 2017 U.S. Dist. LEXIS 82183 at *10 (S.D. Iowa May 12, 2017) (finding commonality requirement met because standardized terms of the plan "applied uniformly across the proposed class" in ERISA action).

Here, fundamental questions involving Defendants' alleged fiduciary breaches are common to proposed class members including: (a) whether Defendants were fiduciaries under ERISA and, if so, whether they breached their duties concerning the Plan's recordkeeping and investment fees charged; (b) whether the Plan and its participants suffered losses as a result and, if so, how to calculate the losses; and (c) what monetary and/or equitable relief may be imposed to remedy such breaches to prevent future ERISA violations. Thus, the commonality requirement is satisfied where, as here, a "classwide proceeding [will] generate common answers apt to drive the resolution of the litigation" that would resolve the validity of Plaintiffs' claims "in one stroke." *Karg*, 2020 U.S. Dist. Lexis 110323, at *7,  quoting *Walmart Stores Inc., v. Dukes*, 564 U.S. 338, 350 (2011).

### c.    Plaintiffs' Claims Are Typical of the Class

The typicality requirement is similar to the commonality requirement but examines whether "there are other members of the class who have the same or similar grievances as the plaintiff" such that the "representative is not alone in his or her dissatisfaction…so as 'to assure there is in fact a class needing representation.'" *Paxton*, 688 F.2d at 562, quoting *Donaldson v. Pillsbury Co.*, 554 F.2d, 825 830 (8th Cir. 1977), *cert. denied*, 434 U.S. 856 (1977). The Eighth Circuit interprets typicality as suggesting that "there are other members of the class who have the same or similar grievances as the [class representative] plaintiff." *Davis v. Stadion Money Mgmt., LLC*, No. 8:19-cv-556; 2021 U.S. Dist. LEXIS 184619, at *17 (D. Neb. Sept. 27, 2021), *Karg*, 2020 U.S. Dist. Lexis 110323, at *7-8, quoting *Paxton*, 688 F.2d at 562; *Donaldson*, 554 F.2d at 830. The burden of showing typicality is "fairly easily met." *Wildman*, 2017 U.S. Dist. LEXIS 200574, at *11-12, quoting *Alpern v. UtiliCorp United, Inc.*, 94 F.3d 1525, 1540 (8th Cir. 1996).

Plaintiffs' claims here are typical for many of the same reasons that there is commonality

among issues of fact and law. *Dukes*, 564 U.S. at 349 n.5. Defendants' actions were directed to and affected the Plan as a whole, and thus, Plaintiffs' claims and those of the Class all arise from the same events and course of conduct, *i.e.*, allegations that Defendants failed to prudently monitor and control the Plan's expenses for recordkeeping and investment options. *Davis*, 2021 U.S. Dist. LEXIS 184619, at *17; *Tibble*, 135 S. Ct. at 1828–29. Thus, Plaintiffs and the Class would rely on the same evidence to prove breach of fiduciary duty under ERISA (29 U.S.C. § 1109(a)) and to seek relief as a result (29 U.S.C. § 1132(a)). Plaintiffs assert their claims on behalf on the Plan as a whole, rather than relying on unique, individual facts only specific to themselves; therefore, typicality is met. *Wildman*, 2017 U.S. Dist. LEXIS 200574, at *12.

### d. Plaintiffs and Co-Lead Class Counsel Will Fairly and Adequately Protect the Interests of the Class

Plaintiffs must show that they have: (a) "common interests" to those of the Class and; (b) must "vigorously prosecute the interest of the class through qualified counsel." *Meller v. Bank of the West*, No. 3:18-cv-00033-JAJ-SBJ, 2018 U.S. Dist. LEXIS 169629 (S.D. Iowa Sept. 10, 2018), quoting *Paxton*, 688 F.2d at 562-63.

Plaintiffs agreed to serve in a representative capacity, communicated with their attorneys, produced documents, and helped to prepare their complaint allegations and discovery responses. They prepared for and gave depositions. They will continue to act in the best interests of the other Settlement Class Members. There are no conflicts between Plaintiffs and the Class.

Plaintiffs' Co-Lead Counsel are highly experienced in ERISA class action litigation and possess the requisite skill, ability and experience to represent the Class. *See* Dkt. 17 (consent motion to appoint interim Co-Lead Counsel) and Dkt. 19 (order granting consent motion); *See also* Joint Decl.

The adequacy of representation requirement is accordingly met in this case.

### 2. The Requirements of Rule 23(b) Are Met

Plaintiffs meet both subsections of Rule 23(b)(1) allowing for certification if "prosecuting separate actions by or against an individual class members would (A) create a risk of inconsistent … adjudications,…or (B) adjudications with respect to individual class members…would be

dispositive of the interests of other members." FED. R. CIV. P. 23(b)(1). "ERISA litigation of this nature presents a paradigmatic example of a (b)(1) class." *Jones*, 257 F.R.D. at 194' *Krueger*, 304 F.R.D. at 559 (certifying class under Rule 23(b)(1)); *In re Aquila ERISA Litig.*, 237 F.R.D. 202, 213 (W.D. Mo. 2006) (certifying class under Rule 23(b)(1)(A)).

Plaintiffs seek certification under Rule 23(b)(1) because this litigation can dispose of the same claims of all Class members, and failure to certify that Class would leave future plaintiffs without relief. Separate lawsuits by individual Plan participants "could establish incompatible standards governing Defendants' conduct" with the result of varying determinations of whether Defendants acted prudently as Plan fiduciaries. *Wildman*, 2017 U.S. Dist. LEXIS 200574, at * 15. Since the relief requested applies "Plan-wide" it will be dispositive of all Plan participants' interests. *Id.*

Therefore, consistent with Rule 23(e)(1)(B), the Court will likely be able to certify the Settlement class in this case.

### B.    The Settlement Should Be Approved As Fair, Reasonable and Adequate

"Especially in the context of class actions, the federal judiciary has a strong policy of promoting and encouraging settlements between the parties." *Schoenbaum*, 2009 U.S. Dist. LEXIS 114080, at *12, citing *Cohn v. Nelson*, 375 F. Supp. 2d 844, 852 (E.D. Mo. 2005); *Fellows v. Am Campus Cmtys. Servs.*, No. 4:16-cv-01611-JAR, 2018 U.S. Dist. LEXIS 103003, at *5 (E.D. Mo. Jun. 20, 2018). When a proposed class-wide settlement has been reached, it must be submitted to the court for approval. FED. R. CIV. P. 23(e). To be approved, the parties must demonstrate that the proposed Settlement is "fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2). "At the preliminary approval stage, the 'fair, reasonable, and adequate' standard is lowered, with emphasis only on whether the settlement is within the range of possible approval due to an absence of any glaring substantive or procedural deficiencies." *In re Centurylink Sales Practices & Secs. Litig.*, 2021 U.S. Dist. LEXIS 135880, *14 (citations omitted); *see also* FED. R. CIV. P. 23(e)(2) advisory committee's note (2018) (the goal of Rule 23(e)(2) is to "focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal.")

In determining whether a class action settlement is fair, reasonable, and adequate, relevant considerations under Rule 23(e)(2) are whether: the class has been "adequately represented;" "the proposal was negotiated at arm's length;" the class relief "is adequate;" and "the proposal treats class members equally."  FED. R. CIV. P. 23(e)(2). *Jones v. Monsanto*, No. 19-cv-0102-W-BP, 2021 U.S. Dist. LEXIS 91260, at *9 (W.D. Mo. May 13, 2021), citing *Keil v. Lopez*, 862 F.3d 685, 693 (8th Cir. 2017). To ensure that a settlement is not the product of fraud or collusion, the Eighth Circuit courts are directed to examine the following non-exclusive factors: (1) the merits of the plaintiff's case weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *Id.*; *Huyer v. Njema*, 847 F.3d 9939 (8th Cir. 2017). A district court has broad discretion in assessing the weight and applicability of these factors. *Prof'l Firefighters Ass'n of Omaha, Local 385 v. Zalewski*, 678 F.3d 640, 645 (8th Cir. 2012); *Martinez v. Medicredit, Inc.*, No. 4:16-cv-01138-ERW, 2018 U.S. Dist. LEXIS 81818, at *3-4 (E.D. Mo. May 15, 2018). "The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999) (internal quotations omitted); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005).

The application of each of these factors demonstrates that the Settlement here is fair, reasonable, and adequate and favors preliminary approval.

### 1.   The Merits of Plaintiffs' Claims Are Commensurate with the Settlement Terms

Plaintiffs allege that Defendants' breach of fiduciary duties caused the Plan to pay excessive recordkeeping and investment fees. While Plaintiffs have strongly advocated for the case, and would continue to do so, Plaintiffs are also mindful that moving forward with the case presented very real risks. While class certification was fully briefed, there was a possibility that it would not be certified. Moreover, Defendants vigorously defended against Plaintiffs' claims through highly skilled counsel who would have continued to mount opposition at each step through to trial. For instance, although Plaintiffs' liability expert confirmed the strength of their claims,

Defendants raised several challenges thereto in their *Daubert* motion. Plaintiffs were also preparing opposition briefing to Defendants' summary judgment motion, in which they argue that the Plan's fiduciaries did follow a "deliberative process" wherein they "consistently monitored and reduced [Plan] fees." (Dkts. 130, 131, pp. 10, 14.) Further prosecution of this action may have yielded limited or no recovery.

Instead, the Settlement fund of $7,500,000 provides substantial monetary relief to be distributed to Class members. The Settlement also provides for important non-monetary terms, as stated above. Thus, the proposed Settlement provides robust and immediate benefits to Class members without the delay or risk of continued litigation.

### 2.    Defendants' Financial Condition

Founded in 1953, Washington University in St. Louis is a private research university located in St. Louis, Missouri.[3] As of June 20, 2019, the University's endowment was valued at over $13.7 billion. *Id.* The parties entered into the Settlement with Defendants agreeing to pay the full settlement amount. *See Cooper v. Home Care, Inc.*, No. 4:16-cv-1293-DGK, 2018 U.S. Dist. LEXIS 119748, at * 11 (W.D. Mo. Jul. 18, 2018).

### 3.    Continued Litigation Is Likely To Be Time-Consuming, Complex, and Expensive

Class Counsel recognize that further litigation, including opposition to Defendants' *Daubert* and summary judgment motions, hearings thereon, and preparation for the trial scheduled for June 2022, would have been time time-consuming, complex, and costly.  *See* Joint Decl., ¶ 5. Any Class recovery would turn on complicated factual and damages issues, and could be delayed by the likely appeal of an adverse finding. Courts have acknowledged that ERISA fiduciary breach cases "often lead [] to lengthy litigation." *Krueger v. Ameriprise Fin., Inc.*, No. 11-cv-02781-SRN-JSM, 2015 U.S. Dist. LEXIS 91385, at *5 (D. Minn. July 13, 2015). Indeed, this litigation was commenced almost five years ago. *See also, Tussey v. ABB, Inc.*, No. 2:06-cv-04305-NKL, 2017 U.S. Dist. LEXIS 203969 (W.D. Mo. Dec. 12, 2017) (requesting proposed findings on amount of damages more than 10 years after the suit was filed). The potential for continued, protracted

---

[3] See https://wustl.edu/about/university-facts/ (last visited April 13, 2022).

litigation supports the Settlement's approval. *See Cullan and Cullan LLC v. M-Qube, Inc.*, No. 8:13-cv-172, 2016 U.S. Dist. LEXIS 132325, at *23 (D. Neb. Sept. 27, 2016) (approving settlement because it provided "a real and substantial remedy without the risk and delay inherent in prosecuting this matter through trial and appeal…").

Accordingly, this Settlement provides real, certain, tangible relief now, is a far superior option to risky continued litigation – and the continued accrual of costs that could ultimately dilute or even wipe out a positive recovery at trial. Indeed, considering the cost of continued litigation, and the fact that Defendant has agreed to pay costs now that might otherwise diminish any Class recovery were the case to proceed, there is a very real possibility that this Settlement will provide a better outcome than the best litigated result. This leaves little incentive to proceed with contested litigation.

### 4. No Opposition to the Proposed Settlement

This factor is not yet relevant and will be addressed at the final approval stage after Class members have been notified of the Settlement. Plaintiffs are not aware of any potential Class members who intend to oppose the Settlement, which has the affirmative support of the three Class Representatives.

### 5. The Proposed Settlement Is the Product of Arm's Length Negotiation Among Experienced Counsel

"There is usually a presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for approval." *George v. Uponor Corp.*, No. 12-cv-00249-ADM-JJK, 2015 U.S. Dist. LEXIS 76111, at * 14 (D. Minn. Jun. 12, 2015) (citation omitted). This presumption should apply here given that experienced counsel on both sides negotiated and endorse the Settlement, which was supervised by a widely-recognized and distinguished mediator. *See* FED. R. CIV. P. 23(e)(2) advisory committee's note to 2018 amendment ("[I]nvolvement of a neutral . . . in those negotiations may bear on whether they were conducted in a manner that would protect and further the class interests."). Throughout the course of litigation and the settlement negotiations, Plaintiffs and the Class have been represented by a team of attorneys who have considerable experience and success in prosecuting and settling class

actions. *See* Joint Decl. These attorneys and their firms expended a significant amount of time and expense investigating and prosecuting this action. Moreover, all Parties endorse the Settlement.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Preliminary Approval of Class Action Settlement and for certification of the proposed Class for settlement purposes only, and enter the proposed Preliminary Approval Order.


Dated:  April 15, 2022                        Respectfully submitted,

                                              */s/ John J. Nestico*

                                              Todd S. Collins
                                              Ellen T. Noteware
                                              BERGER MONTAGUE PC
                                              1818 Market Street
                                              Suite 3600
                                              Philadelphia, PA 19103-6365
                                              *tcollins@bm.net*
                                              *enoteware@bm.net*

                                              Steven A. Schwartz
                                              Beena M. McDonald
                                              CHIMICLES SCHWARTZ KRINER &
                                              DONALDSON-SMITH LLP
                                              361 West Lancaster Avenue
                                              Haverford, PA 19041
                                              Tel.: 610-642-8500
                                              Fax: 610-649-3633
                                              *steveschwartz@chimicles.com*
                                              *bmm@chimicles.com*

                                              John F. Edgar
                                              EDGAR LAW FIRM LLC
                                              2600 Grand Blvd., Suite 440
                                              Kansas City, Missouri 64108
                                              (816) 531-0033
                                              Fax: (816) 531-3322
                                              *jfe@edgarlawfirm.com*

                                              John J. Nestico

SCHNEIDER WALLACE COTTRELL
KONECKY  LLP
6000 Fairview Rd., Suite 1200
Charlotte, NC  28210
Telephone: (510) 740-2946
Facsimile: (415) 421-7105
*jnestico@schneiderwallace.com*

Todd Schneider
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
*tschneider@schneiderwallace.com*

Eric Lechtzin, Esq.
EDELSON LECHTZIN LLP
3 Terry Drive, Suite 205
Newtown, PA 18940
Cell: 267-408-8445
Main: 215-867-2399
Fax: 267-685-0676
*elechtzin@edelson-law.com*

John J. Carey
John F. Garvey
James J. Rosemergy
CAREY, DANIS & LOWE
8235 Forsyth Boulevard
Suite 1100
Clayton, MO 63105
Tel.:  314-725-7700
Fax:  314-721-0905
*jcarey@careydanis.com*
*jgarvey@careydanis.com*
*jrosemergy@careydanis.com*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, John J. Nestico, hereby certify that on April 15, 2022, I caused to be served, via electronic mail

a true and correct copy of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and all

related Exhibits to the following:

Deborah S. Davidson
Matthew A. Russell
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601
*deborah.davidson@morganlewis.com*
*matthew.russell@morganlewis.com*

Brian T. Ortelere
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103
*brian.ortelere@morganlewis.com*

Christopher A. Smith
HUSCH BLACKWELL
The Plaza in Clayton
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
*chris.smith@huschblackwell.com*

*/s/ John J. Nestico*
[name]