# EXHIBIT A

# SETTLEMENT AGREEMENT

## With Exhibits A, B, C and D to Settlement Agreement

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Plaintiffs, all Settlement Class Members, and Defendants.

1. **Article 1 – Recitals**

1.1     In 2017, Plaintiffs, individually and on behalf of a putative class of participants and beneficiaries of the Washington University Retirement Savings Plan ("Plan"), filed two complaints in the United States District Court for the Eastern District of Missouri. Plaintiffs brought suit under the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA"), alleging that Defendants breached their fiduciary duties of prudence and loyalty in managing and administering the Plan, thereby causing the Plan to incur excessive fees.  Plaintiffs sought to recover all alleged losses to the Plan resulting from each breach of duty under ERISA § 409(a), 29 U.S.C. § 1109(a), as well as other forms of equitable and remedial relief under ERISA § 502(a)(2) and (3), 29 U.S.C. § 1132(a)(2)-(3), and costs and attorneys' fees pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and the common fund doctrine.

1.2     Plaintiffs Latasha Davis and Jennifer Elliott filed the initial action in this matter on June 8, 2017, in Case No. 4:17-cv-01641.  (ECF No. 1.)  Plaintiff Marla Aliece King-Sims filed a separate complaint on June 23, 2017, in Case No. 4:17-cv-01785, alleging substantively similar claims.  The Court granted an unopposed motion to transfer and consolidate the matters into the first-filed case, No. 4:17-cv-01641 (ECF No. 15), after which Plaintiffs filed an Amended Complaint on August 21, 2017 (ECF No. 24).

1.3     On October 5, 2017, Defendants moved to dismiss the Amended Complaint (ECF No. 34).  Plaintiffs filed an opposition thereto (ECF No. 36), and Defendants replied (ECF No. 38).  On September 28, 2018, the Court granted Defendants' motion and dismissed Plaintiffs' Amended Complaint with prejudice.  (ECF Nos. 51-52.)  On October 25, 2018, Plaintiffs appealed the Court's dismissal to the United States Court of Appeals for the Eighth Circuit.  (ECF No. 52.)

1.4     On May 22, 2020, after full briefing and argument, the Eighth Circuit entered an Order affirming in part and reversing in part the judgment of this Court and remanding for further proceedings.  *Davis v. Wash. Univ. in St. Louis*, 960 F.3d 478 (8th Cir. 2020).  Specifically, the Eighth Circuit affirmed dismissal of certain claims, but reversed the dismissal of Plaintiffs' allegations that Defendants breached their fiduciary duties by allowing the Plan to pay excessive administrative and investment fees.  (*Id.* at 483-84.)

1.5     On July 8, 2020, Plaintiffs filed an Amended Consolidated Class Action Complaint.  (ECF No. 64.)  Defendants answered this complaint on July 28, 2020, denying the allegations of fiduciary breach and any liability in this matter.  (ECF No. 65.)

1.6     On February 2, 2021, with leave of Court (ECF No. 82), Plaintiffs filed the operative Second Amended Consolidated Class Action Complaint ("Complaint").  (ECF No. 83.)

Defendants filed an Answer and Defenses to the Complaint on February 16, 2021. (ECF No. 86.)  Defendants again denied the allegations of fiduciary breach and any liability in this matter, also asserting numerous defenses to the claims.  (*Id.*)

1.7    On March 15, 2021, Plaintiffs filed a motion for class certification.  (ECF Nos. 92-93.)  Defendants opposed on May 10, 2021 (ECF No. 104), and Plaintiffs filed a reply on June 9, 2021 (ECF Nos. 109-110).  Plaintiffs' motion for class certification remained pending at the time the Parties reached the Settlement documented herein.

1.8    The Parties engaged in extensive merits and expert discovery through the close of discovery on December 17, 2021.  (*See* ECF No. 119.)  These efforts included, *inter alia*, issuing and responding to written discovery requests; ten fact depositions (seven by Plaintiffs; three by Defendants); the production of more than 115,000 pages of documents by Defendants and third parties, and Plaintiffs' review and analysis of those materials; the exchange of three expert reports (two by Plaintiffs and one by Defendants); and depositions of each of the three aforementioned expert witnesses.

1.9    On January 14, 2022, Defendants filed a motion for summary judgment and a motion to exclude plaintiffs' liability expert.  (ECF Nos. 126, 129.)  The deadline for Plaintiffs to oppose Defendants' motions had not yet occurred when the Parties conducted the January 26, 2022 mediation that resulted in the Settlement documented herein.

1.10    The Settling Parties, through counsel, conducted extensive, arm's length negotiations concerning a possible compromise and settlement of the Action.  On January 26, 2022, the Parties engaged in a full-day mediation before a nationally-recognized mediator, Hunter Hughes, who has extensive experience handling ERISA fiduciary-breach lawsuits similar to this one.  No settlement was reached on January 26, 2022, but discussions between the Parties and Mr. Hughes continued.  On February 23, 2022, the Parties reached an agreement in principle to the proposed settlement ("Settlement"), the terms of which are now memorialized in this Settlement Agreement.

1.11    Based on their investigation of the merits of this Action, the litigation of this Action, and their knowledge and experience pursuing such actions generally, Plaintiffs' counsel believe that the Settlement will provide substantial benefits to the Settlement Class.  When the benefits conferred by the Settlement are weighed against the attendant risks of continuing the prosecution of the Action, Plaintiffs' counsel believe that the Settlement represents a reasonable and fair resolution of the claims of the Settlement Class.  In reaching such a conclusion, Plaintiffs' counsel have considered, among other things, the risks of litigation (including the risks of establishing both liability and any loss to the Plan), the time necessary to achieve a final resolution through litigation and any appeals, the complexity of the claims set forth in the Complaint, the ability of Defendants to withstand judgment, the existence of insurance coverage, and the benefits accruing to the Class Members under the Settlement.

1.12    Defendants and the Released Parties deny any and all wrongdoing or liability with respect to any allegations or claims in the Complaint, and expressly deny any and all claims that they breached any fiduciary duty or other provisions of ERISA in

connection with administering and operating the Plan.  Rather, Defendants maintain that, at all relevant times, the Plan has been managed, operated, and administered reasonably and prudently, in the best interests of the Plan and its participants, and in compliance with ERISA and applicable regulations.  Although Defendants continue to deny all liability with respect to the claims alleged in the Complaint, they have agreed to resolve conclusively this Action and the Released Claims on the terms and conditions set forth below, to avoid the substantial costs and burdens of continued litigation.  This Settlement Agreement, and the discussions between the Parties preceding it, shall in no event constitute, be construed as, or be deemed evidence of, an admission or concession of fault or liability of any kind by Defendants and/or any of the Released Parties.

## 2.  Article 2 – Definitions

As used in this Settlement Agreement and the Exhibits hereto, unless otherwise defined, the following terms have the meanings specified below:

2.1   "Action" or "Class Action" means *Davis, et. al., v. Washington University in St. Louis, et. al.*, Case No. 4:17-cv-01641-RLW, in the United Stated District Court for the Eastern District of Missouri, as well as the related action that was consolidated with *Davis*, filed by Plaintiff King-Sims, Case No. 4:17-cv-01785, and further including all claims asserted in any iteration of Plaintiffs' complaints and all other claims Plaintiffs could have brought against Defendants or any of the Released Parties in this matter.

2.2   "Active Account" means an individual investment account in the Plan with a balance greater than $0 or that is otherwise able to receive a new contribution or allocation of Plan assets, determined as of the time that the Plan's recordkeeper(s) provides the Settlement Administrator with the Plan account information as provided in Paragraph 6.5.1 below.

2.3   "Administrative Expenses" means expenses incurred in the administration of the Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notice to the Settlement Class Members, including but not limited to the fees and expenses of the Plan's recordkeeper(s) to identify the names and addresses of Settlement Class Members; (b) related tax expenses (including taxes and tax expenses as described in Article 5); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation, including but not limited to the fees and expenses of the Plan's recordkeeper(s) associated with implementing the Settlement Agreement, facilitating the distribution of funds under the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; and (d) all fees and expenses of the Independent Fiduciary, Settlement Administrator, and Escrow Agent.  Excluded from Administrative Expenses are Defendants' internal expenses and the Settling Parties' respective legal expenses.  All Administrative Expenses shall be paid from the Gross Settlement Amount.

2.4   "Alternate Payee" means a person other than a Settlement Class Member or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a Qualified Domestic

Relations Order that was in effect during the Settlement Class Period (i.e., between June 8, 2011 and March 31, 2022).

2.5 "Attorneys' Fees and Expenses" means the amount awarded by the Court as compensation for the services provided by Class Counsel. The amount of attorneys' fees for Class Counsel shall be recovered from the Gross Settlement Amount.

2.6 "Beneficiary" means a person who currently is entitled to receive a benefit under the Plan upon the death of a Plan participant, other than an Alternate Payee. A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, or child who currently is entitled to a benefit.

2.7 "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

2.8 "CAFA Notice" means notice of this proposed Settlement to the appropriate federal and state officials pursuant CAFA, substantially in the form set forth in **Exhibit A** hereto.

2.9 "Class Counsel" means Co-Lead Class Counsel (defined below), plus the firms of Edelson Lechtzin LLP, Carey Danis & Lowe, and the Edgar Law Firm LLC.

2.10 "Co-Lead Class Counsel" means the firms of Berger Montague, PC, Chimicles Schwartz Kriner & Donaldson-Smith LLP, and Schneider Wallace Cottrell Konecky LLP.

2.11 "Confidentiality Agreement" means the Stipulated Protective Order executed by the Settling Parties and approved by the Court on November 23, 2020 (ECF No. 75).

2.12 "Court" means the United States District Court for the Eastern District of Missouri.

2.13 "Current Participant" means a member of the Settlement Class who has an Active Account, as defined above.

2.14 "Defendants" means Washington University in St. Louis, the Washington University in St. Louis Board of Trustees, the Washington University in St. Louis Retirement Plan Advisory Committee, the Washington University in St. Louis Plan Administration Committee, and the Washington University in St. Louis Executive Vice Chancellor and Chief Administrative Officer.

2.15 "Defendants' Counsel" means Morgan, Lewis & Bockius, LLP, and Husch Blackwell LLP.

2.16 "Escrow Agent" means Huntington Bank or another entity agreed to by the Settling Parties.

2.17 "Final" means, with respect to any judicial ruling, order, or judgment, that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for

certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand.  The Settling Parties agree that absent an appeal or other attempted review proceeding, the period after which the Final Approval Order and Judgment becomes Final is thirty-one (31) calendar days after its entry by the Court ("Settlement Effective Date").

2.18   "Final Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections from Settlement Class Members to the Settlement Agreement; (b) Class Counsel's petition for Attorneys' Fees and Expenses and Plaintiffs' Compensation; and (c) whether to finally approve the Settlement under FED. R. CIV. P. 23.

2.19   "Final Order and Judgment" or "Final Approval Order" means the entry of the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as **Exhibit C** hereto.

2.20   "Former Participant" is a member of the Settlement Class who does not have an Active Account, as defined above.

2.21   "Gross Settlement Amount" means the sum of seven million, five hundred thousand dollars ($7,500,000) contributed to the Qualified Settlement Fund in accordance with Article 5.  The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, the Plan, Plaintiffs, and Class Counsel made on behalf of Defendants in connection with the Settlement effectuated through this Settlement Agreement.  Defendants and their insurers will make no additional payment in connection with the Settlement of the Class Action.

2.22   "Independent Fiduciary" means an independent fiduciary who will be retained pursuant to Article 3 to serve as a fiduciary to the Plan for purposes of approving and authorizing the settlement of Released Claims on behalf of the Plan, and that has no relationship with or interest in any of the Settling Parties and is mutually agreed to by the Settling Parties.

2.23   "Mediator" means Hunter Hughes, III, Esquire.

2.24   "Net Settlement Amount" means the Gross Settlement Amount minus (a) all Attorneys' Fees and Expenses paid to Class Counsel as awarded by the Court; (b) all Plaintiffs' Compensation as ordered by the Court; and (c) all Administrative Expenses.

2.25   "Objector" shall mean any Settlement Class Member who may appear at the Final Fairness Hearing and show cause why the proposed Settlement should or should not be

5

approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or to comment on or oppose Class Counsel's proposed award for Attorneys' Fees and Expenses, or to the proposed Plaintiffs' Compensation.

2.26 "Plaintiffs" means Latasha Davis, Jennifer Elliot, and Marla Aliece King-Sims.

2.27 "Plaintiffs' Compensation" means an amount to be determined by the Court for each Plaintiff, which shall be paid from the Gross Settlement Amount directly to each Plaintiff.

2.28 "Plan" means the Washington University in St. Louis Retirement Savings Plan.

2.29 "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount in accordance with Article 6.

2.30 "Preliminary Approval Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Preliminary Approval to be filed by Plaintiffs through Class Counsel, as described in Paragraph 3.2 and in substantially the form attached hereto as **Exhibit B**.

2.31 "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

2.32 "Released Parties" means (a) Defendants and any of Defendants' affiliates, employees, benefit plan fiduciaries, administrators, service providers, investment advisors, and their respective affiliates or employees; (b) Defendants' insurers, co-insurers, and re-insurers; (c) Defendants' past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; (d) for each of (a) through (c), their past, present, and future agents, officers, employees, boards of trustees, members of their boards of trustees, independent contractors, representatives, attorneys, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (except as stated in paragraph 2.34.6) (including their owners and employees), consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them; and (f) the Plan and the Plan's fiduciaries, administrators, recordkeepers, service providers, consultants, and parties-in-interest.

2.33 "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state or local law, whether by statute, contract or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, arising from conduct by the Released Parties with respect to the Plan occurring during the Class Period:

6

**2.33.1** That were asserted in the Class Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in any iteration of the Plaintiffs' complaints in the Class Action; or

**2.33.2** That arise out of, relate in any way to, are based on, or have any connection with the Plan's management or administration, including but not limited to: (a) the selection, oversight, retention, monitoring, compensation, fees, or performance of the Plan's investment options or service providers or advisors; (b) fees, costs, or expenses charged to, paid, or reimbursed by the Plan or any Settlement Class Member; (c) Released Parties' disclosures or failures to disclose information regarding the Plan's investment options or service providers; (d) the investment options offered to Plan participants; (e) the compensation paid by the Plan to the Plan's service providers; (f) the selection of service providers or advisors to the Plan; (g) the services provided to the Plan or costs of those services; (h) the payment of compensation based on a percentage of total assets; (i) the Plan's investment structure(s); or (j) any alleged breach by the Released Parties of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions; or

**2.33.3** That would be barred by *res judicata* based on entry of the Final Order; or

**2.33.4** That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any member of the Settlement Class in accordance with the Plan of Allocation; or

**2.33.5** That relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

**2.33.6** Without in any way limiting the foregoing release, and solely for the avoidance of doubt, it is the intent of the parties that the Released Claims include all breach of fiduciary duty and prohibited transaction claims against the University relating to TIAA's participant loan program, but it is not the intent of the parties to release the claims alleged by the Plaintiffs against TIAA in *Haley v. Teachers Insurance and Annuity Assoc.*, 1:17-cv-00855-JPO (S.D.N.Y.) in connection with TIAA's loan program with respect to any ERISA retirement plan.

**2.34** "Settlement" or "Settlement Agreement" means the compromise and settlement embodied in this agreement and its exhibits.

**2.35** "Settlement Administrator" means an independent contractor to be retained by Class Counsel and approved by the Court to administer the Settlement and Plan of Allocation.

**2.36** "Settlement Agreement Execution Date" means that date on which the final signature is affixed to this Settlement Agreement.

2.37   "Settlement Class" means a non-opt-out settlement class certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure, consisting of all persons who participated in the Plan at any time during the Settlement Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order that was in effect before the end of the Settlement Class Period and who participated in the Plan at any time during the Settlement Class Period.  Excluded from the Settlement Class are:  Monica Allen, Donna Bequette, Lisa Braun, Robert Buer, Trey Byrne, Legail Chandler, Mary Corcoran, Phil Dybvig, Ronald Faulbaum, Barbara Feiner, Lorraine Goffe-Rush, Linda Hack, Margo Jarrell, Amy Kweskin, Ann Prenatt, Jennifer Schaefer, Michael Stohler, Mary Stull, Kim Walker, Henry Webber, Peter Wiedenbeck, Lisa Wood, and Gary Yuhas.

2.38   "Settlement Class Members" means all individuals in the Settlement Class, including the Plaintiffs.  Settlement Class Members shall not be permitted to exclude themselves from the Settlement Class.

2.39   "Settlement Class Period" means the period from June 8, 2011, through March 31, 2022.

2.40   "Settlement Effective Date" means that date on which the Final Approval Order becomes Final, provided that by such date the Settlement has not been terminated in accordance with Article 11.

2.41   "Settlement Notice" means the Notice of the Class Action Settlement and the Final Fairness Hearing to be sent to Settlement Class Members identified by the Settlement Administrator after the Court's issuance of the Preliminary Approval Order, in substantially the form attached hereto as **Exhibit D**.  The Settlement Notice also shall inform Settlement Class Members of a Final Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Settlement Class Member satisfying the conditions set forth in the Preliminary Approval Order and the Settlement Notice may be heard regarding (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Expenses; and (c) the Plaintiffs' Compensation.

2.42   "Settling Parties" or "Parties" means the Defendants and the Plaintiffs, individually and on behalf of the Plan and each of the Settlement Class Members.

2.43   "Settlement Payment" means that portion of the Net Settlement Amount that is distributed to each Current Participant or Former Participant, as calculated by the Settlement Administrator pursuant to the Plan of Allocation.

2.44   "Settlement Period" means a time period beginning on the Settlement Effective Date and continuing until three years thereafter.

**2.45** "Settlement Website" means the internet website established by the Settlement Administrator.

**3.** **Article 3 – Review and Approval by Independent Fiduciary, Preliminary Settlement Approval, and Notice to the Class**

**3.1** The Independent Fiduciary, agreed to by Class Counsel and Defendants, and retained by Defendants on behalf of the Plan, shall have the following responsibilities, including to review and consider the Settlement and determine whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

    **3.1.1** The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination.

    **3.1.2** The Independent Fiduciary shall notify Defendants directly of its determination, in writing (with copies to Class Counsel and Defendants' Counsel), which notification shall be delivered no later than forty-five (45) calendar days before the Final Fairness Hearing.

    **3.1.3** All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

    **3.1.4** Defendants, Defendants' Counsel, and Class Counsel shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

    **3.1.5** If Defendants conclude that the report of the Independent Fiduciary does not comply with PTE 2003-39 or is otherwise deficient, Defendants shall so inform the Independent Fiduciary within ten (10) calendar days of receipt of the determination, copying Class Counsel.

**3.2** By no later than April 15, 2022, or a subsequent date if ordered by the Court, Plaintiffs shall file a Motion for Preliminary Approval with the Court, seeking (a) entry of a Preliminary Approval Order substantially in the form attached hereto as **Exhibit B**, and (b) approval of the Settlement Notice, substantially in the form attached hereto as **Exhibit D**. Defendants agree not to oppose the Motion for Preliminary Approval, provided it is consistent with the terms and conditions of the Settlement Agreement.

**3.3** Subject to approval of the Settlement by the Court, Class Counsel shall retain, at their discretion, and subject to Defendants' reasonable approval, a Settlement Administrator

to administer the Settlement Notice to Settlement Class Members and the Plan of Allocation.

> **3.3.1**   The Settlement Administrator will supervise and administer the Settlement Notice procedures, establish and operate a Settlement Website and a toll-free number, calculate allocations among Current and Former Participants, distribute Settlement Payments according to the processes and criteria set forth in the Plan of Allocation, and perform any other duties of the Settlement Administrator that are reasonably necessary or provided for in the Settlement Agreement.

> **3.3.2**   All fees and expenses of the Settlement Administrator incurred in the administration of the Settlement Agreement, including the Settlement Notice and Plan of Allocation, shall be paid solely from the Gross Settlement Amount.

> **3.3.3**   The Settlement Administrator shall have final authority to determine the Net Settlement Amount to be allocated to each Settlement Class Member in accordance with the Plan of Allocation.

**3.4**   Within ten (10) business days after entry of the Preliminary Approval Order, Defendants shall cause the Plan's recordkeeper(s) to provide the Settlement Administrator, in Excel or CSV format, with the names, last known mailing and email addresses, Social Security numbers, and individual Plan identification numbers (as applicable), of all Settlement Class Members.

**3.5**   Defendants and Defendants' Counsel shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that are reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation.  The actual and reasonable expenses of any third party, including the Plan's recordkeeper(s), that are necessary to perform such work shall be Administrative Expenses to be paid solely from the Gross Settlement Amount.

> **3.5.1**   The Settlement Administrator shall be bound by the Confidentiality Agreement and any further non-disclosure or security protocol required by the Settling Parties.

> **3.5.2**   The Settlement Administrator shall use the data provided by Defendants and the Plan's recordkeeper(s) solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

> **3.5.3**   At the request of the Settling Parties, the Settlement Administrator shall provide a written protocol concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

3.6     By the date and in the manner set by the Court in the Preliminary Approval Order, or at least fifteen (15) calendar days after receiving the information from the Plan's recordkeeper(s) as identified in paragraph 3.4, the Settlement Administrator shall:

    3.6.1   Establish a toll-free hotline and Settlement Website, on which the Settlement Administrator will post the following documents, or links to such documents, as they become available: (a) the operative Complaint; (b) the Settlement Agreement and its Exhibits; (c) the Settlement Notice; (d) the Former Participant Claim Form; (e) Class Counsel's motion for Attorneys' Fees and Expenses and Plaintiffs' Compensation; (f) any Court orders related to the Settlement; (g) any amendments or revisions to these documents; and (h) any other documents or information upon which the Settling Parties mutually agree in writing.

    3.6.2   Cause to be sent to each Settlement Class Member identified by the Settlement Administrator the Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as **Exhibit D,** or a form subsequently agreed upon by the Parties and approved by the Court.  The Settlement Notice shall be sent to the last known email address or, if no known email address (or where a known email address is determined to be invalid), then within a reasonable amount of time mailed by first-class mail to the last known mailing address, of each Settlement Class Member provided by the Plan's recordkeeper(s) (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan's recordkeeper (or its designee).  The Settlement Administrator shall use commercially reasonable efforts to locate any Settlement Class Member whose Settlement Notice is returned and re-send such documents one additional time.

    3.6.3   The Settlement Administrator and/or Class Counsel also shall post a copy of the Settlement Notice on the Settlement Website.  In addition, if requested by a Settlement Class Member, the Settlement Administrator shall provide by electronic or other means a copy of the Settlement Notice to such Settlement Class Member.

3.7     Pursuant to CAFA, Defendants shall work with the Settlement Administrator to cause to be prepared and provided the CAFA Notices, as specified by 28 U.S.C. § 1715, within ten (10) calendar days after the filing of the Motion for Entry of the Preliminary Approval Order.

3.8     Plaintiffs shall request that a Final Fairness Hearing be held at least one hundred ten (110) calendar days from the date of the entry of the Preliminary Approval Order for the Court to consider whether (i) the Court should finally approve the Settlement as fair, reasonable, and adequate; (ii) the Court should enter the Final Order and Judgment; and (iii) the Court should approve the application for Attorneys' Fees and Expenses, Plaintiffs' Compensation, and Administrative Expenses.

3.9     Any objections to any aspect of the Settlement and/or Settlement Agreement shall be heard, and papers submitted in support of said objections shall be considered, by the Court at the Final Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defendants' Counsel.

     3.9.1   To be filed validly, any Objector (or, if represented by counsel, his/her/its counsel) must file with the Court and serve on the Settling Parties' counsel a statement of his/her/its objection(s) at least twenty (20) days prior to the Final Fairness Hearing. Such statement shall specify the reason(s) for each such objection made, including any legal support or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. In addition, the Objector must include his/her/its name, address, and telephone number. Any objection must be signed by the Objector or counsel for the Objector.

     3.9.2   Any Objector wishing to speak at the Final Fairness Hearing also shall file and serve a "Notice of Intention to Appear" within the time limitation set forth above. Any Objector who does not timely file an objection and a Notice of Intent to Appear shall not be permitted to appear at the Final Fairness Hearing, except for good cause shown. The Settling Parties' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

     3.9.3   A Settling Party may, but is not required to, serve discovery requests, including requests for documents and notices of deposition not to exceed two (2) hours in length, on any Objector within five (5) calendar days of receipt of the objection. Any responses to such discovery or depositions must be completed within five (5) calendar days of the discovery request being served on the Objector.

     3.9.4   The Settling Parties may respond to any objection filed by an Objector, provided such response is filed at least five (5) calendar days prior to the Final Fairness Hearing.

     3.9.5   Any Settlement Class Member or other person who does not timely file and serve a written objection complying with the terms of this Paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

4.     **Article 4 – Final Settlement Approval**

4.1     No later than thirty (30) days before the Final Fairness Hearing, Class Counsel shall move the Court to enter an Order and Final Judgment substantially in the form attached hereto as **Exhibit C** (the "Final Approval Order"), which shall seek approval by the Court of the terms of this Settlement Agreement and entry of the Final Order and Judgment in accordance with this Settlement Agreement. The Final Order and Judgment as proposed by the Settling Parties shall provide for the following, among

other things, as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

**4.1.1**   Approval of the Settlement and the waiver and release of the Released Claims covered by this Settlement Agreement, adjudging the terms thereof to be fair, reasonable, adequate, and in the best interests of the Plan and the Settlement Class, and directing the Settling Parties to take the necessary steps to effectuate the terms and conditions of the Settlement Agreement;

**4.1.2**   A determination under Rule 23(c)(2) of the Federal Rule of Civil Procedure that the Settlement Notice constitutes the best notice practicable under the circumstances and that due and sufficient notice of the Final Fairness Hearing and the rights of all Settlement Class Members was provided;

**4.1.3**   Approval of the Plan of Allocation consistent with this Settlement Agreement;

**4.1.4**   A determination of the Attorneys' Fees and Expenses to be awarded to Class Counsel out of the Gross Settlement Amount, in response to the request set forth in Article 7 below;

**4.1.5**   A determination of the Plaintiffs' Compensation to be awarded to the Plaintiffs for their participation in this Action, in response to the request set forth in Article 7 below;

**4.1.6**   Dismissal of the Class Action with prejudice as to Defendants and operating to extinguish, discharge, and release any and all Released Claims against the Released Parties, whether asserted by Plaintiffs on their own behalf or on behalf of the Settlement Class Members, or on behalf of the Plan, without costs to any of the Settling Parties except as provided herein;

**4.1.7**   That the Plan and each Settlement Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be (a) conclusively deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.  The provisions (a) and (b) shall apply even if any Settlement Class Member may thereafter discover facts in addition to or different from those that the Settlement Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Settlement Class Members receive a monetary benefit from the Settlement, whether or not such Settlement Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Expenses,

and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed;

4.1.8   That each Settlement Class Member shall release the Released Parties, Defendants' Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

4.1.9   That all applicable CAFA requirements have been satisfied;

4.1.10   That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Settlement Class Member in accordance with the Plan of Allocation approved by the Court;

4.1.11   That, with respect to payments or distributions to Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion;

4.1.12   That, with respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan; and

4.1.13   That within seven (7) calendar days after the issuance of all settlement payments to Settlement Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defendants' Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

4.2   The Final Order and Judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by the Final Order and Judgment.   The Court shall retain jurisdiction solely to enforce the Settlement Agreement, but such retention of jurisdiction shall not affect the finality of the Final Order and Judgment.

## 5.   Article 5 – Establishment of a Qualified Settlement Fund

5.1   No later than five (5) business days after the entry of the Preliminary Approval Order, the Escrow Agent shall establish an escrow account.  The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1.  In addition, the Escrow Agent

timely shall make such elections as necessary or advisable to carry out the provisions of this Paragraph 5.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

5.2     For the purposes of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the Settlement Administrator shall be the Escrow Agent.  The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph 5.3 hereof.

5.3     Taxes and expenses of the Escrow Agent are Administrative Expenses and are to be deducted and paid from the Gross Settlement Amount, including but not limited to: (a) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendants or Defendants' Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (b) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5).  Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent out of the Gross Settlement Amount without prior order from the Court.  The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Settlement Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Released Parties, Defendants' Counsel, nor Class Counsel are responsible nor shall they have any liability therefor.  The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article.

5.4     Within thirty (30) calendar days after the later of (a) the date the Preliminary Approval Order is entered or (b) the date the escrow account described in Paragraph 5.1 is

established and the Escrow Agent shall have furnished to Defendants in writing the escrow account name, IRS W-9 Form, and all necessary instructions and mailing address information for payment by check, Defendants and/or their insurer shall deposit one hundred thousand dollars ($100,000) of the Gross Settlement Amount into the Qualified Settlement Fund to be used for the initial Administrative Expenses and the costs of sending the Settlement Notice to the Settlement Class.

**5.5**    Within thirty (30) calendar days after the Final Approval Order, Defendants and/or their insurer shall deposit, via check or wire transfer at the discretion of Defendants and/or their insurer, seven million four hundred thousand dollars ($7,400,000) of the Gross Settlement Amount into the Qualified Settlement Fund.

**5.6**    The Escrow Agent shall, at the direction of Class Counsel, invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

**5.7**    The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion thereof except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Counsel consistent with the terms of this Settlement Agreement.   Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

**5.8**    The Qualified Settlement Fund shall be used to pay for: all Settlement Administration Expenses, any award of Attorneys' Fees and Expenses, and any Plaintiffs' Compensation as follows:

**5.8.1**    The Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: (a) first, any award of Attorneys' Fees and Expenses shall be paid to Co-Lead Class Counsel, on behalf of Class Counsel, within ten (10) business days after the date on which the Qualified Settlement Fund is funded in accordance with Paragraph 5.5 above; (b) second, all Administrative Expenses not paid previously shall be paid within fourteen (14) business days after the Settlement Effective Date; (c) third, any Plaintiffs' Compensation ordered by the Court shall be paid within fourteen (14) business days after the Settlement Effective Date; (d) fourth, a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties shall be set aside by the Settlement Administrator for: (i) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (ii) Administrative Expenses estimated to be incurred after the Settlement Effective Date, and (iii) an amount estimated for adjustments of data or calculation errors; and (e) fifth, the Net Settlement Amount will be distributed in accordance with the Plan of Allocation.   Pending final distribution of the Net Settlement Amount in

accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

5.9    The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund, and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it.  The Released Parties, Defendants' Counsel, and/or Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

5.10    No later than February 15 of the year following the calendar year in which Defendants, their insurers, or agents make a transfer to the Qualified Settlement Fund in accordance with the terms of this Article 5, Defendants, their insurers, or agents shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its behalf, that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants, their insurers, or agents make a transfer to the Qualified Settlement Fund.

## 6.    Article 6 – Plan of Allocation

6.1    After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to Current Participants, Former Participants, and their Beneficiaries or Alternate Payees, in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

6.2    To be eligible for a distribution from the Net Settlement Amount, a person must be (a) a Current Participant; (b) a Former Participant whose Preliminary Entitlement Amount (defined below) is at least twenty-five dollars ($25); or (c) a Beneficiary or Alternate Payee of a Current Participant or  Former Participant.

6.2.1    As described below, Current Participants shall receive their Settlement Payments as earnings credited to their Plan accounts, as provided in Paragraph 6.9 below, unless the Current Participant no longer has an Active Account as of the date Settlement Payments are made, in which case such Current Participant will receive a distribution via a tax-qualified distribution process as set forth in Paragraph 6.10 below.

6.2.2    Former Participants whose Preliminary Entitlement Amount, as calculated according to Paragraph 6.5, below, is at least $25 shall receive a distribution via a tax-qualified distribution process as set forth in Paragraph 6.11 below.

6.2.3    Beneficiaries shall receive payments by check in amounts corresponding to their entitlement as beneficiaries of the Current Participant or of the Former Participant with respect to which the payment is made.  Alternate Payees shall

17

receive payments by check if and to the extent they are entitled to receive a portion of a Current Participant's or Former Participant's allocation under this Article 6 in accordance with the terms of the applicable Qualified Domestic Relations Order on file with the Plan's recordkeeper(s), provided that such Alternate Payee's entitlement to such benefit under the Plan was in effect before March 31, 2022.  The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court, and the Settling Parties shall have no liability for such determinations.

6.3    In general terms, the Plan of Allocation will provide that each Settlement Class Member's share of the Net Settlement Amount will be calculated as follows:

> The percentage of the Net Settlement Amount to be allocated to each Settlement Class Member will be calculated by dividing the sum of a Settlement Class Member's quarter-end account balances for each quarter ended during the Settlement Class Period by the sum of quarter-end account balances of all of the Settlement Class Members for each quarter ended during the Settlement Class Period.

6.4    The Settlement Administrator shall obtain from Defendants or the Plan's recordkeeper(s), for each Settlement Class Member, the quarter-ending account balances in the Plan during the Settlement Class Period.

6.5    **Calculation of Settlement Payments.**  Payments to Current Participants and  Former Participants shall be calculated by the Settlement Administrator pursuant to the Plan of Allocation as follows:

6.5.1    **Step One:**  For each Current Participant and Former Participant, the Settlement Administrator shall add together all of his or her quarter-end balances during the Settlement Class Period, using each Settlement Class Member's June 30, 2011 account balance as the opening balance, to arrive at each Current Participant's and Former Participant's "Total Balance" for the Settlement Class Period.  The Plan's recordkeeper(s) is to provide the Settlement Administrator with all information necessary for calculation of Settlement payments, in Excel or CSV format, no later than twenty-one (21) days after entry of the Settlement Effective Date.

6.5.2    **Step Two:**  The Settlement Administrator shall add together the Total Balance for all Current Participants and Former Participants who have a Total Balance greater than $0 to arrive at the "Total Balance For The Class."

6.5.3    **Step Three:**   The Settlement Administrator will then, for each Current Participant and Former Participant with a Total Balance greater than $0, divide his or her Total Balance by the Total Balance For The Class, with the quotient representing the "Preliminary Entitlement Percentage" for each such Current

Participant and Former Participant (*i.e.*, Preliminary Entitlement Percentage = Total Balance for each Settlement Class Member ÷ Total Balance For The Class).

6.5.4   **Step Four:**   The Settlement Administrator shall multiply each Current Participant's and each Former Participant's Preliminary Entitlement Percentage by the Net Settlement Amount, with the product representing the Settlement Class Member's "Preliminary Entitlement Amount" (*i.e.*, Preliminary Entitlement Amount = Preliminary Entitlement Percentage x Net Settlement Amount).

6.5.5   **Step Five:** The Settlement Administrator shall identify all Former Participants whose Preliminary Entitlement Amount is less than $25 (the "No Payment Group"), as such an amount is *de minimus* and would cost more in processing than its value.  Next, the Settlement Administrator shall repeat Steps Two through Four above, this time excluding the Total Balances for the No Payment Group, to arrive at the "Final Entitlement Percentage" for each remaining Current Participant and Former Participant (*i.e.*, Final Entitlement Percentage = [Total Balance for each Class Member not in the No Payment Group] ÷ [Total Balance For The Class minus the Total Balance for the No Payment Group]).

6.5.6   **Step Six:** The Settlement Administrator shall multiply the Final Entitlement Percentage for each Current Participant and Former Participant not included in the No Payment Group by the Net Settlement Amount, with the product representing each such Class Member's "Final Entitlement Amount."

6.6   The Settlement Administrator will calculate the total amount due in accordance with this Article 6 for each Current Participant and Former Participant (or their Beneficiaries or Alternate Payees).   The Settlement Administrator shall utilize the calculations described herein for (a) making the required payments to Settlement Class Members under this Article 6 of the Settlement Agreement; and (b) instructing the Plan as to the amounts to be distributed to Current Participants under Paragraph 6.9 of the Settlement Agreement and calculating the total amount to credit each Current Participant's Active Account(s) to fulfill this instruction.

6.7   The total amount of all payments to all Settlement Class Members (i.e., the total amount of all checks to be written by the Settlement Administrator plus the total amount of all credits that the Plan is instructed to make to Current Participants) shall not exceed the Net Settlement Amount.  In the event the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make such non-material changes as are necessary to the Plan of Allocation, with the approval of the Settling Parties, to ensure that payments to Settlement Class Members do not exceed the Net Settlement Amount.

**6.8**    The Settlement Administrator shall complete all payment calculations for all Settlement Class Members within thirty (30) days after receiving the information pursuant to 6.5.1.

**6.9**    **Payments to Current Participants.**  For Current Participants with an Active Account at the time of the Settlement Payments, any distribution will be made into their accounts in the Plan.  As described below, the Settlement Administrator shall cause an amount equal to the portion of the Net Settlement Amount allocated under the Plan of Allocation to the Current Participants, along with data and other supporting information identifying the settlement share amount owed to each Current Participant, to be transferred to the Plan's existing recordkeeper in accordance with the recordkeeper's requirements for receiving same.  The Plan's recordkeeper will then distribute the individual settlement shares to the Current Participants with Active Accounts pursuant to the data and other supporting information provided by the Settlement Administrator, and in accordance with instructions from Class Counsel and the Plan of Allocation.  All such amounts shall be retained in the Qualified Settlement Fund for distribution under this Article 6.

    **6.9.1**    Within three (3) business days after the Settlement Administrator has completed all payment calculations for all Current Participants, the Settlement Administrator will provide notice to Defendants and send to the Plan's recordkeeper an Excel spreadsheet in a form requested by the Plan's recordkeeper containing the name and the amount of the Settlement Payment to be made for each Current Participant, along with other identifying information as requested by the recordkeeper.

    **6.9.2**    Within ten (10) business days after the Settlement Administrator provides the Current Participant information described in Paragraph 6.9.1 to the Plan's recordkeeper, such recordkeeper will provide the Settlement Administrator a list of which Current Participants (if any) no longer have an Active Account.

    **6.9.3**    Thereafter, within ten (10) business days after receiving confirmation as provided in Paragraph 6.9.2, the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to the Plan's recordkeeper of the aggregate amount of all Settlement Payments payable to Current Participants, as reflected in the spreadsheets provided by the Settlement Administrator.

    **6.9.4**    Defendants (or their designee) shall direct the Plan's recordkeeper to credit the individual Active Account(s) of each Current Participant in an amount equal to that stated on the spreadsheets provided by the Settlement Administrator in relation to such Current Participant.

    **6.9.5**    The Settlement Payment for each Current Participant will be invested in accordance with and proportionate to such Current Participant's investment elections then on file for new contributions with the recordkeeper.  If there is no investment election for new contributions on file for any Current Participant

with a recordkeeper, then such Current Participant shall be deemed to have directed such payment to be invested in the Plan's "Qualified Default Investment Alternative" as defined in 29 C.F.R. § 2550.404c-5.

**6.10    Payments to Current Participants who No Longer Have an Active Account.**  For Current Participants who no longer have an Active Account as of the date Settlement Payments are made, such Participants will receive a distribution via the tax-qualified distribution process set forth Paragraph 6.11 below.

**6.11    Payments to Former Participants.**  For Former Participants, the distribution will be made via a tax-qualified distribution process employing procedures described in 29 C.F.R. § 2550.404a-2, Safe Harbor for Automatic Rollover to Individual Retirement Plans, and in Section 7.20 of the Plan, Automatic Cash Out of Account, with the assistance of Retirement Clearinghouse or such other provider of automatic rollover IRAs selected by the Plan Administrator ("Rollover IRA Provider").  The Settlement Administrator shall cause an amount equal to the portion of the Net Settlement Fund allocated under the Plan of Allocation to the Former Participants, along with data and other supporting information identifying the settlement share amount owed to each Former Participant, to be transferred to the Rollover IRA Provider in accordance with the Rollover IRA Provider's requirements for receiving same as safe-harbor automatic rollovers as described in 29 C.F.R § 2550.404a-2, to be administered in accordance with that regulation.  The Rollover IRA Provider will then notify each individual Former Participant of the establishment of the automatic rollover IRA and the methods and means by which to access and manage such account.  No Former Participant whose entitlement to payment pursuant to the Plan of Allocation would otherwise be less than twenty-five dollars ($25) shall receive any payment from the Net Settlement Fund.

    **6.11.1**  All fees and expenses associated with the process set forth in this Paragraph 6.10 shall be paid from the Gross Settlement Amount as Administrative Expenses under this Settlement Agreement and/or by the individual Former Participants whose distributions are subject to this provision.  Neither Defendants nor the Plan shall be subject to any expense associated with this distribution process over and above the Gross Settlement Amount.

    **6.11.2**  Neither the Released Parties nor Defendants' Counsel shall have any responsibility for the establishment, management, or any other conduct related to the rollover IRAs described in this Paragraph 6.10, nor shall they have any liability therefor.

**6.12**    Neither the Released Parties, Defendants' Counsel, nor Class Counsel shall have any responsibility for or liability whatsoever with respect to any tax advice given to the Former Participants or the Current Participants.

**6.13**    For any check the Settlement Administrator must issue to any Settlement Class Member (including Beneficiaries and Alternate Payees), the Settlement Administrator shall (a) calculate and withhold any applicable taxes associated with such payments;

(b) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (c) issue appropriate tax forms to the Settlement Class Member.

6.14    This Plan of Allocation is based upon preliminary data regarding the Settlement Class Members who may be entitled to Settlement Payments.  If the Settlement Administrator concludes that it is impracticable to implement any material provision of this Plan of Allocation, the Settling Parties will modify promptly the terms of this Plan of Allocation and present such modified terms, first, to the Independent Fiduciary for its review and approval and, second, to the Court for its approval.  Direct mailed or electronic notice to Settlement Class Members of such proposed material modification of the Plan of Allocation shall not be required.  However, notice of such proposed material modification shall be posted on the Settlement Website within five (5) business days of the date that the proposed modification is submitted to the Court for its approval.  If the proposed material modification is implemented, notice of such modification shall be posted on the Settlement Website within five (5) business days of the date that the modification was implemented.  The Settlement Administrator may make non-material modifications to the terms of the Plan of Allocation with the consent of the Settling Parties.

6.15    The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.  Defendants, Plaintiffs, and their respective counsel shall have no responsibility or liability for the distribution of the Net Settlement Amount to Settlement Class Members.

6.16    Within ten (10) business days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel and Defendants' Counsel one or more affidavits stating the following: (a) the name of each Settlement Class Member to whom the Settlement Administrator sent the Settlement Notice, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice; (c) the name of each Settlement Class Member whose Settlement Notice was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice for each such Settlement Class Member; and (e) the name of each Settlement Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.  These affidavits and the accompanying information shall be considered and treated as confidential by all parties and, if applicable, pursuant to the Confidentiality Agreement or any non-disclosure or security protocol required by the Settling Parties.

6.17    The Settling Parties acknowledge that any payments to Settlement Class Members or their attorneys may be subject to applicable tax laws.  Defendants, Defendants' Counsel, Class Counsel, and Plaintiffs will provide no tax advice to the Settlement Class Members and make no representation regarding the tax consequences of any of

the settlement payments described in this Settlement Agreement.  To the extent that any portion of any Settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax.  Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement.  Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

6.18    Each Settlement Class Member, Beneficiary, or Alternate Payee who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person.  Each such Settlement Class Member, Beneficiary, or Alternate Payee shall hold the Released Parties, Defendants' Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Parties, Defendants' Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit) related to such tax liability.

6.19    All checks issued in accordance with this Plan of Allocation shall expire no later than one hundred and twenty (120) calendar days after their issue date.  All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

6.20    No sooner than eighteen (18) months after the entry of the Settlement Effective Date, any Net Settlement Amount remaining in the Qualified Settlement Fund after distributions, including costs, taxes and interest-earned on the Qualified Settlement Fund, shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan.  In no event shall any part of the Settlement Fund be used to reimburse any Defendants or otherwise offset settlement-related costs incurred by any Defendants, other than as expressly set forth in this Settlement Agreement.

## 7.    Article 7 – Attorneys' Fees and Expenses and Plaintiffs' Compensation

7.1     Class Counsel's Attorneys' Fees and Expenses will be subject to the Court's approval, will be recovered from the Gross Settlement Amount, and shall be paid out of the Qualified Settlement Fund in this Agreement.  Defendants will take no position on Class Counsel's application for Attorneys' Fees and Expenses, provided that Class Counsel do not request an award of attorneys' fees higher than one-third of the Gross Settlement Amount, plus expenses.

7.2     Class Counsel will apply to the Court for a collective award of Attorneys' Fees and Expenses at least thirty (30) days before the deadline set in the Preliminary Approval Order for objections to the proposed Settlement, which may be supplemented thereafter.

**7.3**     Within ten (10) business days of the date on which the Qualified Settlement Fund is funded in accordance with Paragraph 5.5 above, the Settlement Administrator shall distribute the full amount of any award of Attorneys' Fees and Expenses to Co-Lead Class Counsel, on behalf of Class Counsel, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs, and providing all information necessary to effectuate such transmission, including adequate payment instructions consisting of wire transfer instructions, instructions for payment by check, and completed IRS Forms W-9 (including addresses and tax identification numbers). Pursuant to the Undertaking Regarding Attorneys' Fees and Costs, Class Counsel hereby jointly and severally submit themselves and their law firms (including all shareholders, members, and/or partners of their law firms) to the obligation to repay to Defendants the Attorneys' Fees and Expenses that have been paid if the Court's Final Approval Order and Final Judgment and/or order regarding Attorneys' Fees and Expenses is vacated, overturned, reversed, or rendered void.   Furthermore, the Undertaking Regarding Attorneys' Fees and Costs authorizes the Court to summarily issue orders (including but not limited to judgments and attachment orders) against each of Class Counsel for up to the full amount of Attorneys' Fees and Expenses (plus any additional attorneys' fees or expenses incurred by Defendants in connection with the litigation or enforcement of the Undertaking), and to make findings for sanctions for contempt of court and all other appropriate relief.  Class Counsel submits to the jurisdiction of the Court to issue such orders.

**7.4**     Co-Lead Class Counsel shall be solely responsible for allocating the Attorneys' Fees and Expenses among Class Counsel.  Any award of attorneys' fees shall be allocated among Class Counsel in a fashion which, in the opinion of Co-Lead Class Counsel, fairly compensates Class Counsel for their respective contributions in the prosecution of the Action.  Defendants and Defendants' Counsel shall bear no responsibility for this allocation or be subject to any claims or suit under this Settlement Agreement or otherwise, which shall be payable solely from the Qualified Settlement Fund.

**7.5**     The Court's consideration of requests for Class Counsel's fees and expenses are matters separate and apart from the Settlement between the Parties, and the Court's decision concerning the Attorneys' Fees and Expenses of Class Counsel shall not affect the validity of the Settlement Agreement or finality of the Settlement in any manner.

**7.6**     Class Counsel may also apply to the Court for Plaintiffs' Compensation awards to Plaintiffs Davis, Elliott, and King-Sims in an amount not to exceed $5,000 per Plaintiff at least thirty (30) days before the deadline set in the Preliminary Approval Order for objections to the proposed Settlement, which may be supplemented thereafter. Defendants will take no position with respect to any such applications for Plaintiffs' Compensation.  Defendants shall have no obligations whatsoever with respect to any Plaintiffs' Compensation, which shall be recovered from the Gross Settlement Amount and payable solely from the Qualified Settlement Fund.  Any Plaintiffs' Compensation ordered by the Court shall be paid within fourteen (14) calendar days after the Settlement Effective Date.

**7.7**     The Court's consideration of requests for Plaintiffs' Compensation shall be separate from its determination of whether to approve the Settlement.  In the event the Court approves the Settlement, but declines to award Plaintiffs' Compensation at all or in the amounts requested by Class Counsel, the Settlement will nevertheless be binding on the Parties

**8.    Article 8 – Release and Covenant Not to Sue**

**8.1**     As of the Settlement Effective Date, the Plaintiffs, the Plan (subject to Independent Fiduciary approval as required in Article 3), and the Settlement Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalves and on behalf of the Plan, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Parties from the Released Claims, whether or not such Settlement Class Members have received a monetary benefit from the Settlement, whether or not such Settlement Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Expenses, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed.

**8.2**     As of the Settlement Effective Date, the Plaintiffs, the Settlement Class Members, and the Plan (subject to Independent Fiduciary approval as required by Article 3), expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims.  Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

**8.3**     Class Counsel, the Plaintiffs, Settlement Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims.  Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Settlement Class Member not to object to the Settlement.  Notwithstanding the foregoing, each Settlement Class Member and the Plan shall expressly, upon the entry of the Final Approval Order, be deemed to have, and, by operation of the Final Approval Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims.  The Plaintiffs, Settlement Class Members, and the Plan acknowledge and shall be deemed by operation of the Final Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

**8.4**     Without admitting that California law applies to this Settlement Agreement, each Plaintiff, each Settlement Class Member, and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Approval Order, the Settlement Class Members shall be conclusively deemed to, and by operation of the Final Approval Order shall, settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Plaintiffs, Settlement Class Members, and the Plan shall, upon entry of the Final Approval Order with respect to the Released Claims, waive any and all provisions, rights, and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

## 9.     Article 9 – Representations and Warranties

**9.1**     The Settling Parties represent and agree:

**9.1.1**     That they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations among their counsel, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

**9.1.2**     That they assume the risk of mistake as to facts or law;

**9.1.3**     That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

**9.1.4**     That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties; and

**9.1.5**     That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary;

**9.2**    Each of the individuals executing this Settlement Agreement on behalf of one or more of the Settling Parties hereto warrants and represents that he or she has been duly authorized and empowered to execute this Settlement Agreement on behalf of his or her respective Party.

**10.    Article 10 – Additional Terms**

**10.1**    There will be a Settlement Period of three years from the Settlement Effective Date, during which Defendants agree to comply with the following additional terms:

**10.1.1**    to provide annual fiduciary training for all members of the Washington University Retirement Plan Advisory Committee ("RPAC"). Defendants also will provide this training to any new RPAC member(s) at or around the start of their tenure on the RPAC. As part of this annual training, each voting member of the RPAC shall acknowledge that he, she or they serve in a fiduciary capacity and understand his, her or their obligations as a fiduciary;

**10.1.2**    to evaluate the Plan's Investment Policy Statement ("IPS") at least annually, with input from the Plan's investment consultant, and implement any updates to the IPS as Defendants may deem appropriate;

**10.1.3**    to issue a Request for Proposal for Plan recordkeeping services before the conclusion of the Settlement Period;

**10.1.4**    that the Plan's current investment consultant, CAPTRUST, will advise Defendants with respect to the Plan's investment options and fees, which advice will include consideration of the performance of Plan investment options, the costs/fees of those investment options, the reasonableness of Plan recordkeeping fees (generally, and in light of the particular services provided to the Plan), the method or means of paying Plan recordkeeping fees, and the overall Plan investment lineup (including the number of options, diversification among those options, etc.);

**10.1.5**    to continue maintaining the privacy of Settlement Class Members' confidential personal information, and to instruct the Plan's recordkeeper(s) not to use (or allow to be used) Settlement Class Members' personal information obtained as a result of providing recordkeeping services to the Plan for the purpose of selling non-Plan services or products.

**10.2**    The Parties recognize that the additional terms described above will benefit the Settlement Class Members. In order to ensure that these actions affecting the Plan are not subject to future potentially inconsistent challenges or standards, and in recognition of the Defendants' agreement to such additional terms, the Settlement Class Members agree that, during the Settlement Period, and in addition to the Released Claims set forth in Paragraph 2.36, they will not sue the Released Parties for any and all claims relating to the additional terms above, including any and all claims similar to the claims

asserted in the Class Action, during such time as these actions are required pursuant to this Agreement (the "Covenant Not to Sue").

**11.    Article 11 – Termination, Conditions of Settlement, and Effect of Disapproval, Cancellation, or Termination**

11.1    Plaintiffs and/or Defendants shall have the right to terminate the Settlement Agreement, which thereby would become null and void with no further force or effect, if:

    11.1.1    either the Preliminary Approval Order or the Final Approval Order is not entered by the Court in substantially the form specified herein and submitted by the Settling Parties, or in a form which is agreed to by the Settling Parties;

    11.1.2    the Settlement is not approved by the Court, or is disapproved, or is materially modified upon appeal without the Settling Parties agreeing to such modifications;

    11.1.3    the Settlement Class is not certified as defined herein or in a form which is otherwise agreed to by the Settling Parties; or

    11.1.4    the Independent Fiduciary (a) does not approve the Settlement and does not give a release in its capacity as a fiduciary of the Plan, for and on behalf of the Plan, coextensive with the release from Plaintiffs and the Settlement Class Members; (b) does not authorize the Settlement in accordance with Prohibited Transaction Class Exemption 2003-39; and (c) finds that the Settlement constitutes a prohibited transaction under ERISA § 406(a), and if the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate (i) an approval by the Independent Fiduciary, or (ii) the Independent Fiduciary's determinations required by PTE 2003-39.

11.2    In the event that the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by Plaintiffs shall for all purposes with respect to the Settling Parties revert to their status as though the Settling Parties never executed the Settlement Agreement.  All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to Defendants, their agents, or insurers pro rata based on their contributions to the Qualified Settlement Fund within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 11.4.

11.3    It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Expenses and/or Plaintiffs' Compensation and/or modifies any of the proposed orders relating to Attorneys' Fees and Expenses and/or Plaintiffs' Compensation.

**11.4**    In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund.  Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and Defendants (or their insurer(s)), on the other hand.

**12.**    **Article 12 – Confidentiality of the Settlement Negotiations and permitted Settlement-Related Communications**

**12.1**    Except as set forth explicitly below, the Settling Parties, Class Counsel, and Defendants' Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations with the Settlement Class Members, the Independent Fiduciary, and the Settling Parties' tax, legal, and regulatory advisors, provided in each case that they (a) secure written agreements with such persons or entities that such information shall not be further disclosed and (b) comply with this Article 12 in all other respects.

**12.2**    Other than the Settlement Website and a description of the Settlement Agreement's terms and status on Class Counsel's individual website, the Plaintiffs and Class Counsel agree that they will not issue any other public statement regarding the Settlement, including press releases and/or initiating any communication with media or publication entities about the Settlement.

**12.3**    The Plaintiffs and Class Counsel agree that they will keep the Settlement confidential and will not disclose the details of the Settlement to anyone until after the motion for preliminary approval of the Settlement has been filed with the Court, other than as necessary for the administration of the Settlement including to the Settlement Administrator.

**13.**    **Article 13 – General Provisions**

**13.1**    The Settling Parties agree to cooperate fully with each other in seeking the Court's approval of the Preliminary Approval Order and the Final Approval Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms.  The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement reasonably in advance of filing.

**13.2**    Within sixty (60) calendar days after the Qualified Settlement Fund is fully and finally exhausted, the Settling Parties shall either return to the producing parties, or destroy, all documents produced under a claim of confidentiality in accordance with the Confidentiality Agreement, including but not limited to documents produced under a claim of privilege.  The Settling Parties, Class Counsel, and Defendants' Counsel agree that at all times they will honor the requirements of the Confidentiality Agreement, including with regard to the parties' settlement negotiations, notwithstanding Settlement of the Class Action.  This provision shall not preclude the parties from

maintaining for their records a secured electronic copy of any document that is designated as confidential in this case.

13.3    This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of any Released Party of any wrongdoing, fault, or liability whatsoever by any Released Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding, and Defendants and the Released Parties admit no wrongdoing, fault, or liability with respect to any of the allegations or claims in the Class Action.  This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual.  Subject to Federal Rule of Evidence 408, the Settlement and the negotiations related to it are not admissible as substantive evidence, for purposes of impeachment, or for any other purpose.  Defendants deny all allegations of wrongdoing and deny all allegations and claims in the Class Action.  Defendants contend that the Plan has been managed, operated, and administered at all relevant times reasonably and prudently and in accordance with ERISA, including that statute's fiduciary duty and prohibited transaction provisions.

13.4    Neither the Settling Parties, Class Counsel, nor Defendants' Counsel shall have any responsibility for or liability whatsoever with respect to (a) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (b) the determination of the Independent Fiduciary; (c) the management, investment, or distribution of the Qualified Settlement Fund; (d) the Plan of Allocation as approved by the Court; (e) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (f) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (g) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither Defendants nor Defendants' Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

13.5    Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Settlement Class Members.  Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them.  Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request.  Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Expenses determined by the Court.

**13.6** This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law, and to the extent that federal law does not govern, Missouri law.

**13.7** The Settling Parties agree that any and all disputes concerning compliance with the Settlement Agreement, with the exception of any and all disputes concerning compliance with Article 8, shall be exclusively resolved as follows:

**13.7.1** If a Settling Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, other than any and all disputes concerning compliance with Article 8, the party raising the dispute shall first promptly give written notice under the Settlement Agreement to the other party including in such notice: (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a statement of the alleged non-compliance; (c) a statement of the remedial action sought; and (d) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the party raising the dispute;

**13.7.2** Within twenty (20) calendar days after receiving the notice described in Paragraph 13.7.1, the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

**13.7.3** For a period of not more than twenty (20) calendar days following mailing of the response described in Paragraph 13.7.2, the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

**13.7.4** If the dispute is not resolved during the period described in Paragraph 13.7.3, the parties shall conduct a mediation of the dispute with the Mediator on the earliest reasonably practicable date; provided, however, that the scope of such mediation shall be expressly limited to the dispute;

**13.7.5** The Settling Parties intend to resolve any dispute quickly, expeditiously, and inexpensively.  Accordingly, there shall be no discovery allowed in connection with mediation under Paragraph 13.7.4, and no witnesses shall be presented or examined during the mediation.  The Mediator will make a final decision resolving the dispute based solely on the papers, documents, testimony, and arguments of counsel presented to him/her.

**13.7.6** In any mediation under Paragraph 13.7.4, each party shall bear its own attorneys' fees and costs.

**13.8** The Settling Parties agree that the Court has personal jurisdiction over the Settlement Class and Defendants and shall maintain personal and subject matter jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance

with this Settlement Agreement that are not resolved under Paragraph 13.7.  Any motion or action to enforce this Settlement Agreement—including by way of injunction—may be filed in the U.S. District Court for the Eastern District of Missouri, and/or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

**13.9**  The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement.  The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

**13.10**  Each party to this Settlement Agreement hereby acknowledges that he/she/it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, or its counsel.

**13.11**  Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Paragraphs they caption.  References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein.  Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

**13.12**  Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties.  Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such modification or amendment in writing.  Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

**13.13**  The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions.  The waiver of any breach of this Settlement Agreement by any party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

**13.14**  This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.  All of the exhibits attached hereto are incorporated by reference as though fully set forth herein.  Those exhibits shall be: **Exhibit A** – CAFA Notice; **Exhibit B** – [Proposed] Final Approval Order; **Exhibit C** – [Proposed] Preliminary Approval Order; and **Exhibit D** – Settlement Notice.

**13.15**  No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

**13.16**  Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

**13.17**  All of the covenants, representation, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement.  No party is relying on any oral representations or oral agreements.  All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Settlement Effective Date.

**13.18**  Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of Class Counsel and Defendants' Counsel and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier.

IF TO THE PLAINTIFFS:

Todd Collins
BERGER MONTAGUE PC
1818 Market Street, Suite 300
Philadelphia, PA 19103
tcollins@bm.net

Steve Schwartz
CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP
361 West Lancaster Avenue
Haverford, PA 19041
steveschwartz@chimicles.com

John Nestico, Esquire
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
6000 Fairview Rd.
Suite 1200
Charlotte, NC 28211
jnestico@schneiderwallace.com

IF TO THE DEFENDANTS:

Deborah S. Davidson
Matthew A. Russell
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Chicago, Illinois 60606
deborah.davidson@morganlewis.com
matthew.russell@morganlewis.com

Christopher A. Smith
HUSCH BLACKWELL
The Plaza in Clayton
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
chris.smith@huschblackwell.com

## SIGNATORIES

IN WITNESS WHEREOF, each of the Settling Parties hereto has reviewed and approved this Settlement Agreement and has caused this Agreement to be executed on its behalf by its duly authorized counsel of record or representative.

ON BEHALF OF PLAINTIFFS, individually and as representatives of the Settlement Class:

ON BEHALF OF DEFENDANTS:

Dated:  April 15, 2022

Dated: April 15, 2022

/s/ *Todd S. Collins*

/s/ *Mathew A. Russell*

Todd S. Collins (*pro hac vice*)
Ellen T. Noteware (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103-6365
tcollins@bm.net
enoteware@bm.net

Brian T. Ortelere (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103
Tel.:  215-963-5000
Fax:  215-963-5001
brian.ortelere@morganlewis.com

Steven A. Schwartz (*pro hac vice*)
Beena M. McDonald (*pro hac vice*)
CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP
361 West Lancaster Avenue
Haverford, PA 19041
Tel.: 610-642-8500
Fax: 610-649-3633
steveschwartz@chimicles.com
bmm@chimicles.com

Deborah S. Davidson (*pro hac vice*)
Matthew A. Russell (*pro hac vice*)
Samuel D. Block (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606
Tel.: 312-324-1000
Fax: 312-324-1001
deborah.davidson@morganlewis.com
matthew.russell@morganlewis.com
samuel.block@morganlewis.com

John J. Nestico (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY  LLP
6000 Fairview Rd., Suite 1200
Charlotte, NC  28210
Telephone: (510) 740-2946
Facsimile: (415) 421-7105
jnestico@schneiderwallace.com

Christopher A. Smith
HUSCH BLACKWELL
The Plaza in Clayton
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Tel.: 314-480-1836
Fax: 314-480-1505
chris.smith@huschblackwell.com

Todd Schneider (*pro hac vice*)

*Attorneys for Defendants*

SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com

Eric Lechtzin (*pro hac vice*)
EDELSON LECHTZIN LLP
3 Terry Drive, Suite 205
Newtown, PA 18940
Cell: 267-408-8445
Main: 215-867-2399
Fax: 267-685-0676
elechtzin@edelson-law.com

James J. Rosemergy
John J. Carey
John F. Garvey
CAREY, DANIS & LOWE
8235 Forsyth Boulevard
Suite 1100
Clayton, MO 63105
Tel.:  314-725-7700
Fax:  314-721-0905
jrosemergy@careydanis.com
jcarey@careydanis.com
jgarvey@careydanis.com

John F. Edgar
EDGAR LAW FIRM LLC
2600 Grand Blvd., Suite 440
Kansas City, Missouri 64108
(816) 531-0033
Fax:  (816) 531-3322
jfe@edgarlawfirm.com

*Attorneys for Plaintiffs and the Proposed Settlement Class*

# Exhibit A to

# Settlement Agreement

## CAFA Notice

[MONTH] [DATE], 2022

**VIA FEDERAL EXPRESS**

[Department]
[Address]

Re:     *Davis, et. al., v. Washington University in St. Louis, et. al.,*
        <u>Case No. 4:17-cv-01641, (E.D. Mo.), Notice Pursuant to 28 U.S.C. § 1715</u>

Dear Sir or Madam:

On behalf of Defendants Washington University in St. Louis, the Washington University
in St. Louis Board of Trustees, the Washington University in St. Louis Retirement Plan
Advisory Committee, the Washington University in St. Louis Plan Administration
Committee, and the Washington University in St. Louis Executive Vice Chancellor and
Chief Administrative Officer (collectively "Defendants"), Angeion Group, the Settlement
Administrator, at the direction of Defendants, hereby provides this Notice of a Proposed
Class Action Settlement in the above-referenced class actions pursuant to the Class Action
Fairness Act of 2005 ("CAFA").  The proposed settlement will resolve the case.

In accordance with Defendants' obligations under CAFA, the Settlement Administrator, at
Defendants' direction, encloses the following:

**(1)     The Complaint, any materials filed with the Complaint, and any Amended
        Complaints.**

Plaintiffs' Class Action Complaint, Consolidated Class Action Complaint, Amended
Consolidated Class Action Complaint, and Second Amended Class Action Complaint filed
in the *Davis, et. al., v. Washington University in St. Louis, et. al.* case can be found on the
enclosed CD as "Exhibit 1- Washington University Complaints."

[ADDRESSEE]
[MONTH] [DATE], 2021
Page 2

**(2)      Notice of any scheduled judicial hearing in the class action.**

[*If the Court has scheduled a final fairness hearing*:  The Court has scheduled a final fairness hearing regarding the settlement.  That hearing will be held on [[DATE]] at the Thomas F. Eagleton U.S. Courthouse, 111 South 10th Street, St. Louis, MO 63102.]

[*If the Court has not yet scheduled a final fairness hearing*:  The Court has not yet scheduled a fairness hearing regarding the settlement.  Once the Court sets a hearing date, such date(s) can be found on PACER as follows:  (1) enter PACER through https://ecf.moed.uscourts.gov/cgi-bin/login.pl, (2) click on "Query,"  (3) enter the civil case number, 4:17-cv-01641, (4) click on "Run Query," and (5) click on "Docket Report." The order(s) scheduling hearing(s) will be found on the docket entry sheet.]

**(3)      Any proposed or final notification to class members.**

The proposed Notice of Class Action Settlement as submitted to the Court can be found on the enclosed CD as "Exhibit 2 – Notice of Class Action Settlement and Fairness Hearing to Class Members."

**(4)      Any proposed or final class action settlement.**

The Settlement Agreement entered into by the parties and as submitted to the Court can be found on the enclosed CD as "Exhibit 3 – Settlement Agreement."  There are no other agreements contemporaneously made between Class Counsel and counsel for the Defendants.

**(5)      A final judgment or notice of dismissal.**

Final judgment has not yet been entered.  Upon entry, a copy of said judgment can be found online through the process described in section (2) above.

**(6)      Names of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

On the enclosed CD is a list of the currently known names of Class Members who reside in your state.  As of today, it is not feasible to identify the names of every Class Member who resides in your state; the list of names contained in the attached CD represents our best current estimate of the total number of Class Members resident in your state.  The specific settlement allocation to each Class Member will be determined by the Settlement Administrator according to a Court-approved formula.  As a result, we do not yet know which Class Members will receive settlement proceeds or how much each Class Member will receive, and it is not feasible to determine the estimated proportionate share of the claims of the Class Members who reside in each state to the entire settlement.  Upon final

[ADDRESSEE]
[MONTH] [DATE], 2021
Page 3

approval of the Court, the settlement proceeds will be distributed among the Class
Members according to the Plan of Allocation as set forth in the Settlement Agreement.

**(7)      Any written judicial opinion relating to the materials described in (3) to (5).**

The Court has not yet entered a Preliminary Approval Order or any opinions relating to the
materials described in sections (3) to (5).  Upon entry, a copy of said Order or opinion can
be found online through the process described in section (2) above.

Final judgment has not yet been entered.  Upon entry, a copy of said judgment can be
found online through the process described in section (2) above.

If you have questions about this notice, the lawsuits, or the enclosed materials, please do
not hesitate to contact me.

Sincerely,




Enclosures

# Exhibit B to

# Settlement Agreement

## Proposed Final Order

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

LATASHA DAVIS, JENNIFER ELLIOTT,　)
and MARLA ALIECE SIMS-KING,　)
Individually and as representatives of a　)
class of participants and beneficiaries in and　)
on behalf of the WASHINGTON　)
UNIVERSITY RETIREMENT SAVINGS　)
PLAN,　)　　Case No. 4:17-cv-01641-RLW
　)
　　　Plaintiffs,　)
　)
　　v.　)
　)
WASHINGTON UNIVERSITY IN ST.　)
LOUIS,  WASHINGTON UNIVERSITY　)
IN ST. LOUIS BOARD OF TRUSTEES,　)
WASHINGTON UNIVERSITY IN ST.　)
LOUIS RETIREMENT PLAN ADVISORY　)
COMMITTEE,  WASHINGTON　)
UNIVERSITY IN ST. LOUIS PLAN　)
ADMINISTRATION COMMITTEE, and　)
WASHINGTON UNIVERSITY IN ST.　)
LOUIS EXECUTIVE VICE
CHANCELLOR AND CHIEF
ADMINISTRATIVE OFFICER

　　　Defendants.

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

Before this Court is Plaintiffs' Unopposed Motion for Final Approval of the Class Action

Settlement of the above-referenced litigation under the terms of a Class Action Settlement

Agreement dated April 15, 2022 (the "Settlement Agreement"),[1] as well as Plaintiffs' Motion for

an Award of Attorneys' Fees and Expenses and Plaintiffs' Compensation. Having reviewed and

considered the Settlement Agreement, the application for final approval of the Settlement,

Plaintiffs' application for an award of Attorneys' Fees and Expenses and compensation to the

---

[1] All capitalized terms herein, unless otherwise defined, shall have the same meaning as that
attributed in the Settlement Agreement.

Plaintiffs as Class Representatives, and having conducted a Final Fairness Hearing on [DATE], the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**NOW THEREFORE**, **IT IS HEREBY ORDERED AND ADJUDGED:**

1.      The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Settlement Class Members.

2.      Plaintiffs have asserted claims on behalf of the Washington University in St. Louis Retirement Savings Plan ("Plan") and its participants and beneficiaries to recover losses that allegedly resulted from violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

3.      The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

4.      On [DATE], the Court entered a Preliminary Approval Order which among other things: (a) conditionally certified this matter as a class action for settlement purposes only, including defining the Settlement Class, appointing Plaintiffs as Class Representatives, and appointing Co-Lead Class Counsel as Class Counsel; (b) preliminarily approved the Settlement; (c) approved the form and manner of Settlement Notice to the Settlement Class; (d) set a deadline for objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Fairness Hearing.

5.      The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the Settlement Class being defined as:

> All persons who participated in the Plan at any time during the Settlement Class Period, including any Beneficiary of a deceased person who participated in the Plan

at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order that was in effect before the end of the Settlement Class Period and who participated in the Plan at any time during the Settlement Class Period.  Excluded from the Settlement Class are:  Monica Allen, Donna Bequette, Lisa Braun, Robert Buer, Trey Byrne, Legail Chandler, Mary Corcoran, Phil Dybvig, Ronald Faulbaum, Barbara Feiner, Lorraine Goffe-Rush, Linda Hack, Margo Jarrell, Amy Kweskin, Ann Prenatt, Jennifer Schaefer, Michael Stohler, Mary Stull, Kim Walker, Henry Webber, Peter Wiedenbeck, Lisa Wood, and Gary Yuhas.

The "Settlement Class Period" is defined as June 8, 2011 through March 31, 2022.

6.      In accordance with the Court's Preliminary Approval Order, the Settlement Notice was timely distributed to all Settlement Class Members who could be identified with reasonable effort, and the Settlement Notice was published on the Settlement Website maintained by Class Counsel and/or the Settlement Administrator.  Proof of compliance with the Court's previous Order concerning Settlement Notice was filed with the Court.

7.      The Court finds that the form and method of notifying the Settlement Class of the terms and conditions of the proposed Settlement constitutes the best notice practicable under the circumstances and included individual notice to all Settlement Class Members who could be identified through reasonable efforts.  Such Settlement Notice constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

8.      The Court further determines that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005.

9.      Settlement Class Members had the opportunity to be heard on all issues regarding the Settlement and the resolution and release of their claims by submitting objections to the Settlement Agreement to this Court.

10.     [If applicable] Each and every objection to the Settlement is overruled with prejudice.

11.     The Court, having reviewed the terms of the Settlement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), hereby **GRANTS** the Motion for Final Approval and **APPROVES** the Settlement as being a fair, reasonable, and adequate resolution and compromise of this Action and as meeting the requirements of Federal Rule of Civil Procedure 23, adopts the Settlement as its Judgment, and **ORDERS** that the Settlement shall be effective, binding, and enforceable according to its terms and conditions.  The Court hereby directs the Parties, their respective attorneys, and the Settlement Administrator to take the necessary steps to effectuate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

12.     The Court finds that the Settlement has been negotiated vigorously and at arm's length by Class Counsel, and further finds that, at all times, Plaintiffs have acted independently and that their interests align with those of the Plan and the Settlement Class.  The Court further finds that the Settlement arises from a genuine controversy between the Settling Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

13.     The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Plaintiffs' and the Settlement Class's and that the Plan does not have any additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement.

14.     The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan, and the Plan's participants and beneficiaries.

15.     Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited

transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b).  Further, the Court finds that, in light of the analysis and opinion provided by the Independent Fiduciary, to the extent any of the transactions required by the Settlement constitutes a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39.  68 Fed. Reg. 75632 (2003).

16.     The Plan of Allocation for the Settlement Fund is approved as fair, reasonable, and adequate. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

17.     Plaintiffs, the Plan, and each Settlement Class Member on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, hereby fully, finally, and forever settle, release, relinquish, waive, and discharge each and all of the Released Parties from the Released Claims, regardless of whether or not such Settlement Class Member receives a monetary benefit from the Settlement, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Expenses, and whether or not the objections of such Class Member have been approved or allowed. Without in any way limiting the foregoing release, and solely for the avoidance of doubt, it is the intent of the parties that the Released Claims include all breach of fiduciary duty and prohibited transaction claims against the University relating to TIAA's participant loan program, but it is not the intent of the parties to release the claims alleged by the Plaintiffs against TIAA in *Haley v. Teachers Insurance and Annuity Association*, 1:17-cv-00855-JPO (S.D.N.Y.) in connection with TIAA's loan program with respect to any ERISA retirement plan.

18.     Plaintiffs, the Settlement Class Members, and the Plan, acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, or arising out of any of the Released Claims, subject to ¶ 17 above.  Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

19.     Class Counsel, Plaintiffs, the Settlement Class Members, and/or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with Defendants and other Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Settlement Class Member not to object to the Settlement. Notwithstanding the foregoing, each Plaintiff, each Settlement Class Member, and the Plan has and have hereby fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims.  Plaintiffs, Settlement Class Members, and the Plan hereby acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

20.     Plaintiffs, Settlement Class Members, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at

the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party."  Plaintiffs, Settlement Class Members, and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights, and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

21.    The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Former Participant.

22.    With respect to payments or distributions to Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

23.    With respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan in accordance with applicable law and the governing terms of the Plan.

24.    Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior appointment of Co-Lead Class Counsel of Berger Montague PC, Chimicles Schwartz Kriner & Donaldson-Smith LLP, and Schneider Wallace Cottrell Konecky Wotkyns LLP ("Class Counsel").  Plaintiffs' counsel includes Plaintiffs' Co-Lead Class Counsel plus Edelson Lechtzin LLP, Carey Danis & Lowe, and the Edgar Law Firm LLC.

25.    The Court, after careful review of the time entries and rates requested by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants

Class Counsel's application for attorneys' fees and expenses in the amount of $_____. Payment shall be made pursuant to the terms of the Settlement Agreement. Class Counsel's fees are reasonable in light of the successful results achieved by Class Counsel, the monetary and non-monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases.

26.     Pursuant to the Settlement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to the Class Representatives in the total amount of $_____ each in recognition of their efforts on behalf of the Settlement Class. Class Counsel shall make such payment in accordance with the terms of the Settlement Agreement.

27.     This Order resolves all claims against all parties in this Action and constitutes final judgment. The Court hereby dismisses the Complaint against Defendants with prejudice. Upon entry of this Order, Plaintiffs, all Settlement Class Members, and the Plan shall be bound by the Settlement Agreement (including any amendments) and by this Final Approval Order.

28.     Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Settlement and enforcing this Final Order or the Settlement Agreement, and reserves the power to enter additional orders, including by way of injunction, to effectuate the fair and orderly administration and consummation of the Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED** this _____ day of _____, 2022.


                                        _____
                                        Hon. Ronnie L. White
                                        United States District Judge

9

# Exhibit C to

# Settlement Agreement

## Preliminary Approval Order

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| LATASHA DAVIS, JENNIFER ELLIOTT, and MARLA ALIECE SIMS-KING, Individually and as representatives of a class of participants and beneficiaries in and on behalf of the WASHINGTON UNIVERSITY RETIREMENT SAVINGS PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON UNIVERSITY IN ST. LOUIS,  WASHINGTON UNIVERSITY IN ST. LOUIS BOARD OF TRUSTEES, WASHINGTON UNIVERSITY IN ST. LOUIS RETIREMENT PLAN ADVISORY COMMITTEE,  WASHINGTON UNIVERSITY IN ST. LOUIS PLAN ADMINISTRATION COMMITTEE, and WASHINGTON UNIVERSITY IN ST. LOUIS EXECUTIVE VICE CHANCELLOR AND CHIEF ADMINISTRATIVE OFFICER <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    Case No. 4:17-cv-01641-RLW |

**[PROPOSED] ORDER GRANTING PRELIMINARILY APPROVAL
OF CLASS ACTION SETTLEMENT**

In this putative class action, Plaintiffs Latasha Davis, Jennifer Elliot, and Marla Aliece

King-Sims ("Plaintiffs") asserted claims against Defendants Washington University in St. Louis

and its Board of Trustees, Retirement Plan Advisory Committee, Plan Administration Committee,

and Executive Vice Chancellor and Chief Administrative Officer ("Defendants") (collectively, the

"Parties"), for alleged violations of the Employee Retirement Income Security Action of 1974, as

amended U.S.C. § 1001, et. seq. ("ERISA"), with respect to the Washington University in St. Louis

Retirement Savings Plan ("Plan").  Defendants deny the allegations and claims of Plaintiffs, and

deny that they are liable at all to the Settlement Class.  The Parties have reached a resolution of this matter, as memorialized in the Class Action Settlement Agreement ("Settlement")[1] which sets forth the terms and conditions for a proposed global settlement of this Action and for its dismissal with prejudice upon the terms and conditions set forth therein.

Currently before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement.  Specifically, Plaintiffs have moved the Court for an order (i) preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, (ii) preliminarily certifying the Settlement Class for settlement purposes only, upon finding that the Court will most likely be able to certify the Settlement Class after the Final Fairness Hearing, and (iii) directing notice as set forth herein.  Defendants do not oppose this request.

The Court is familiar with and has reviewed the record, the Settlement, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and Memorandum of Points and Authorities in Support Thereof, and the supporting Declarations, and has found good cause for entering the following Order.

**NOW THEREFORE**, **IT IS HEREBY ORDERED AND ADJUDGED:**

<u>**Jurisdiction**</u>

The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Settlement Class Members.

<u>**Settlement Class Certification**</u>

1.       The Court preliminarily finds, for Settlement purposes only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(1) are likely to be satisfied for the Settlement Class, as defined in ¶ 3 below.  In support of this conclusion, the Court provisionally finds as follows:

---

[1] All capitalized terms herein, unless otherwise defined, shall have the same meaning as that attributed in the Class Action Settlement Agreement executed on April 15, 2022.

2

a.       The Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria;

b.       Rule 23(a)(1) is satisfied because there are over 20,000 potential  Settlement Class Members, making joinder impracticable;

c.       Rule 23(a)(2) is satisfied because there are one or more questions of fact and/or law common to the Settlement Class that can or would be resolved as to the Plan, not only as to individual participants, including: whether Defendants owed fiduciary duties to Plaintiffs and Plan participants and beneficiaries under ERISA; whether Defendants breached these duties; and whether the Plan suffered harm as a result of Defendants' alleged breaches of duty;

d.       Rule 23(a)(3) is satisfied because Plaintiffs' claims are typical of the claims of the Settlement Class in that all claims arise from the same or similar alleged breaches of fiduciary duties under ERISA;

e.       Rule 23(a)(4) is satisfied because Plaintiffs will fairly and adequately represent the Settlement Class, in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the Settlement Class Members; (ii) there are no significant conflicts between or among Plaintiffs and the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable Interim Co-Lead Class Counsel who are experienced in preparing and prosecuting ERISA class actions of this type;

f.       As required by Rule 23(b)(1), the prosecution of separate actions by individual Settlement Class Members would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for Defendants; and (ii) adjudication as to individual Settlement Class Members would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede those persons' ability to protect their interests.

3.       Based on the finding above, the Court **PRELIMINARY CERTIFIES** the following Settlement Class for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(1):

> All persons who participated in the Plan at any time during the Settlement Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order that was in effect before the end of the Settlement Class Period and who participated in the Plan at any time during the Settlement Class Period.  Excluded from the Settlement Class are:  Monica Allen, Donna Bequette, Lisa Braun, Robert Buer, Trey Byrne, Legail Chandler, Mary Corcoran, Phil Dybvig, Ronald Faulbaum, Barbara Feiner, Lorraine Goffe-Rush, Linda Hack, Margo Jarrell, Amy Kweskin, Ann Prenatt, Jennifer Schaefer, Michael Stohler, Mary Stull, Kim Walker, Henry Webber, Peter Wiedenbeck, Lisa Wood, and Gary Yuhas.

The Settlement Class Period shall be defined as June 8, 2011 through March 31, 2022.

4.      The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1).  Settlement Class Members shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

5.      The Court hereby appoints Plaintiffs as Class Representatives to represent the Settlement Class.  Pursuant to Rule 23(g), the Court also hereby appoints Interim Co-Lead Class Counsel – Berger Montague PC, Chimicles Schwartz Kriner & Donaldson-Smith LLP, and Schneider Wallace Cottrell Konecky Wotkyns LLP – as Class Counsel.  The Court finds that Interim Co-Lead Class Counsel: (i) have done substantial work identifying and investigating Plaintiffs' claims; (ii) have committed the necessary resources to represent the Settlement Class; and (iii) have knowledge of the applicable ERISA law.

### Preliminary Approval of the Settlement

6.      The Settlement documented in the Class Action Settlement Agreement is hereby **PRELIMINARILY APPROVED**. Specifically, the Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Settlement Agreement was executed only after the Parties engaged in substantial litigation for nearly five years and after

Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the Parties involving Defendants' compliance with the fiduciary requirements of ERISA; (d) Class Counsel has concluded that the Settlement is fair, reasonable, and adequate; and (e) the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

7.      The Gross Settlement Amount shall be deposited into an escrow account and shall be managed by the Escrow Agent as detailed in the Settlement Agreement.  All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court, until such time as such funds may be distributed pursuant to the Settlement Agreement.

### Establishment of a Qualified Settlement Fund & Appointment of a Settlement Administrator

8.      A common fund is agreed to by the Parties in the Settlement Agreement and is hereby established and shall be known as the *Davis v. Washington University* ERISA Litigation Settlement Fund (the "Settlement Fund" or "Gross Settlement Amount").  The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be administered in accordance with the Settlement Agreement, the relevant terms of which the Court expressly adopts and incorporates as part of this Order.

9.      The Court appoints Angeion Group LLC as the Settlement Administrator for providing Settlement Notice, implementing the Plan of Allocation, and otherwise assisting in administration of the Settlement as set forth in the Settlement Agreement.

## Manner and Form of Settlement Notice

10.     The Court **APPROVES** the Settlement Notice substantially consisting of a form, attached as Exhibit E to the Class Action Settlement Agreement. The Court finds that the proposed form and content of the Settlement Notice, as well as the Settlement Website referenced in the Settlement Notice, fairly and adequately: (1) describe the terms and effect of the Settlement; (2) notify the Settlement Class concerning the proposed Plan of Allocation; (3) notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for the Plaintiffs, Attorneys' Fees and Expenses; (4) give notice to the Settlement Class Members of the time and place of the Final Fairness Hearing; and (5) describe how the recipients of the Settlement Notice may object to any relief requested and/or the approval of the Settlement.

11.     The Parties have proposed the following manner of communicating the Settlement Notice to Settlement Class Members, and the Court finds that such manner is the best notice practicable under the circumstances and directs that by at least fifteen (15) calendar days after receiving the information from the Plan's recordkeeper(s) as identified in paragraph 3.4 of the Settlement Agreement the Settlement Administrator shall:

a. Establish a toll-free hotline and Settlement Website, on which the Settlement Administrator will post the following documents, or links to such documents, as they become available: (a) the operative Complaint; (b) the Settlement Agreement and its Exhibits; (c) the Settlement Notice; (d) the Former Participant Claim Form; (e) Class Counsel's motion for Attorneys' Fees and Expenses and Plaintiffs' Compensation; (f) any Court orders related to the Settlement; (g) any amendments or revisions to these documents; and (h) any other documents or information upon which the Settling Parties mutually agree in writing.

b. Cause to be sent to each Settlement Class Member identified by the Settlement Administrator the Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached as Exhibit D to the Settlement Agreement, or a form subsequently agreed upon by the Parties and approved by the Court.  The Settlement Notice shall be sent to the last known email address or, if no known email address (or where a known email address

6

is determined to be invalid), then within a reasonable amount of time mailed by first-class mail to the last known mailing address, of each Settlement Class Member provided by the Plan's recordkeeper(s) (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan's recordkeeper (or its designee).  The Settlement Administrator shall use commercially reasonable efforts to locate any Settlement Class Member whose Settlement Notice is returned and re-send such documents one additional time.

c.   The Settlement Administrator and/or Class Counsel also shall post a copy of the Settlement Notice on the Settlement Website.  In addition, if requested by a Settlement Class Member, the Settlement Administrator shall provide by electronic or other means a copy of the Settlement Notice to such Settlement Class Member.

12.     Pursuant to the Settlement Agreement, Defendants shall cooperate with the Settlement Administrator by providing or facilitating the provision of, in electronic format, the names, addresses, email addresses (to the extent available), and social security numbers or other unique identifiers of members of the Settlement Class. This personal information obtained pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

13.     At or before the Final Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

14.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement.

15.     The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class.

**The Final Fairness Hearing**

16.     The Court will hold a Final Fairness Hearing on [DATE], 2022, at _____ a.m./p.m. in Courtroom 10 South at the United States District Court, Eastern District of Missouri,

111 South 10th Street, St. Louis, MO 63102 to finally determine: (i) whether the Settlement Class satisfies the applicable requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(1); (ii) whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class under FED. R. CIV. P. 23; (iii) whether the Settlement Notice and notice methodology were performed as directed by this Court; (iv) whether Class Counsel's application for an award of Attorneys' Fees and Expenses and for compensation to the Plaintiffs as Class Representatives should be approved; (v) whether the Administrative Expenses specified in the Settlement Agreement and requested by the Parties should be approved for payment from the Gross Settlement Amount; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Court may, in its discretion, conduct the Final Fairness Hearing by telephone conference or other remote means.

17. Class Counsel's application for an award of Attorneys' Fees and Expenses and for Plaintiffs' Compensation to the Class Representatives will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any appeal from any order relating solely to Class Counsel's application for an award of Attorneys' Fees and Expenses, and/or to Class Counsel's application for Plaintiffs' Compensation, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of a judgment approving the Settlement.

18. Plaintiffs' motion in support of Class Counsel's application for Attorneys' Fees and Expenses and for Plaintiffs' Compensation awards shall be filed at least thirty (30) days before the date of the Final Fairness Hearing set by the Court, or by no later than [DATE], 2022.

19.     Plaintiffs' motion in support of final approval of the Settlement shall be filed at least thirty (30) days before the date of the Final Fairness Hearing set by the Court, or by no later than [DATE], 2022.

## Objections and Appearances at the Final Fairness Hearing

20.     An "Objector" shall mean any Settlement Class Member who may appear at the Final Fairness Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or to comment on or oppose Class Counsel's proposed award for Attorneys' Fees and Expenses, or to the proposed compensation to Plaintiffs as Class Representatives.  Any Objector must file with the Court a statement of his/her/its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection.  Any objection must be signed by the Objector.  The Objector must also mail the objection and all supporting law and evidence to counsel for the Parties, as stated below. The addresses for filing objections with the Court and service on counsel are as follows:

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court United States District Court Eastern District of Missouri 111 South 10th Street Suite 3.300 St. Louis, MO 63102 | Todd Collins, Esquire Berger Montague PC 1818 Market Street, Suite 300 Philadelphia, PA 19103<br><br>Steve Schwartz, Esquire Chimicles Schwartz Kriner & Donaldson-Smith LLP 361 West Lancaster Avenue Haverford, PA 19041<br><br>John Nestico, Esquire Schneider Wallace Cottrell Konecky LLP 6000 Fairview Rd. | Brian T. Ortelere Morgan, Lewis & Bockius LLP 1701 Market St. Philadelphia, PA 19103<br><br>Deborah S. Davidson Matthew A. Russell Morgan, Lewis & Bockius LLP 110 N. Wacker Drive Chicago, Illinois 60606<br><br>Christopher A. Smith Husch Blackwell The Plaza in Clayton 190 Carondelet Plaza |

| | Suite 1200<br>Charlotte, NC 28211 | Suite 600<br>St. Louis, Missouri 63105 |
|---|---|---|

21.     The Objector, or, if represented by counsel, his/her/its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court at least twenty (20) days prior to the Fairness Hearing, or by no later than [DATE], 2022.  Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown. The Settling Parties' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

22.     Any party wishing to obtain discovery from any Objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any Objector within five (5) calendar days of receipt of the objection and that any responses to discovery or depositions must be completed within five (5) calendar days of the request being served on the Objector.

23.     The Settling Parties may respond to any objection at least five (5) calendar days prior to the Fairness Hearing, or by no later than [DATE], 2022.

24.     Any Settlement Class Member or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement and any untimely objection shall be barred.

**Fees and Expenses Incurred by the Independent Fiduciary and Settlement Administrator**

25.     The Court understands that Defendants have retained or will retain an Independent Fiduciary for the purpose of evaluating the Settlement to determine whether to authorize the

Settlement on behalf of the Plan.  The Independent Fiduciary's fees are considered part of the Gross Settlement Amount and will be paid as Administrative Expenses out of the Settlement Fund. The Court understands that the expenses incurred by the Settlement Administrator in administering the Settlement and allocating the Settlement Fund pursuant to the Plan of Allocation approved by the Court, including any payable expenses of Retirement Clearinghouse, shall be paid as Administrative Expenses out of the Settlement Fund.

<strong><u>Termination of the Settlement</u></strong>

26.     If the Settlement is terminated or fails to become effective in accordance with the Settlement Agreement, this Order shall be null and void, and the Parties shall return to their respective positions without any prejudice, as provided for in the Settlement Agreement.

<strong><u>Limited Use of This Order</u></strong>

27.     No part of this Order shall be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief Plaintiffs requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any arguments, defenses, or claims he, she, or it may have.

<strong><u>Reservation of Jurisdiction</u></strong>

28.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

<strong><u>Injunction and Parallel Proceedings</u></strong>

29.     Pending further order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement, including the Plan of Allocation, are

11

hereby **STAYED**, and all hearings, deadlines, and other proceedings in the Litigation, except the Final Fairness Hearing and the matters set forth in this Order, are **VACATED**.  Pending final determination of whether the Settlement Agreement should be approved, the Plaintiffs, each Settlement Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

### Class Action Fairness Act Notice

30.   The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit A to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

### Continuance of Hearing

31.   The Court may continue the Final Fairness Hearing in its discretion without direct notice to the Settlement Class, other than by notice to the Parties' respective Counsel.


**SO ORDERED** this _____ day of _____, 2022.


_____
Hon. Ronnie L. White
United States District Judge

# Exhibit D to

# Settlement Agreement

## Settlement Class Notice

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI**

**If you are currently a participant in the Washington University in St. Louis Retirement Savings Plan, or were a participant in the Plan at any time from June 8, 2011 to March 31, 2022, you are a part of a class action settlement.[1]**

IMPORTANT:  PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS CONCERNING THE SETTLEMENT

*A Federal Court has authorized this Notice.  You are not being sued.*
*This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against Washington University in St. Louis (the "University") and related defendants (collectively, "Defendants"), *Davis, et. al., v. Washington University in St. Louis, et. al.*, Case No. 4:17-cv-01641-RLW (the "Action").  The Action was filed by Latasha Davis, Jennifer Elliot, and Marla Aliece King-Sims ("Plaintiffs") on behalf of themselves, the Washington University in St. Louis Retirement Savings Plan ("Plan"), and the Settlement Class Members described below (collectively with Defendants, the "Settling Parties").  The Action involves whether Defendants complied with their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") in managing the Plan and ensuring its fees and expenses remain reasonable.  Defendants deny any wrongdoing, but agreed to settle this case in part to avoid the substantial costs of litigation.

- You are included as a Settlement Class Member if you are currently a Plan participant, or if you were a Plan participant at any time from June 8, 2011 through March 31, 2022 (the "Settlement Class Period"), or if you are a Beneficiary or Alternate Payee of a Plan participant.

- Defendants, through their insurance provider, have agreed to pay a total of $7,500,000 (the "Gross Settlement Amount") into a settlement fund, and further agreed to certain prospective non-monetary terms intended to benefit the Plan and its participants.  The Settlement would release Defendants and related parties from any claims filed against them in the Action.  The terms and conditions of the Settlement are set forth in a Class Action Settlement Agreement ("Settlement Agreement").  The Settlement Agreement and other information about the Action and Settlement are available [hyperlink] or by contacting Class Counsel, as described below.

- The Court has preliminarily approved the Settlement, which provides that Settlement Class Members are eligible to receive a pro rata share of the Settlement Amount remaining after payment of notice and administrative expenses, taxes and tax expenses, attorneys' fees and costs that the Court awards to Class Counsel and to Plaintiffs for representing the class (the "Net Settlement Amount").  The amount of each Settlement Class Member's payment is based

---

[1] All capitalized terms used in this Notice, not otherwise defined herein, shall have the meanings provided in the Settlement Agreement dated April 15, 2022 (the "Settlement Agreement"), which can be found at the Settlement Website, _____.com.

on his or her average Plan account balance during the Settlement Class Period and the duration of participation in the Plan during the Settlement Class Period.

- **Please read this Notice carefully. Your legal rights are affected whether you act or not.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO YOU NEED TO FILE A CLAIM?** | No.  If the Settlement is approved by the Court and you are a Settlement Class Member entitled to a payment under the Plan of Allocation, you do not need to do anything to participate in the Settlement.   All Settlement Class Members will be bound by the Settlement Agreement and will give up their rights to sue Defendants about the allegations and topics at issue in this case. |
| **YOU CAN OBJECT BY XX, 2022** *[To be set in Prelim Approval Order]* | If you wish to object to any part of this Settlement, Class Counsel's request for attorneys' fees and costs, or the proposed compensation to Plaintiffs, you may (as discussed below) write to the Court and Counsel to explain why you object.  Please note that if you object, the Court has authorized the parties to seek discovery from you, including requests for documents and appearance at a deposition. |
| **YOU CAN ATTEND A HEARING** | If you submit a written objection to the Settlement before the deadline above, you may (but do not have to) ask to speak at a hearing in Court about the fairness of the Settlement or related matters.  You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing unless you notify the Court and counsel by [_____, 2022], of your intention to appear at the hearing. |
| **IF YOU DO NOTHING…** | If you are a **Current Participant**, you will get a share of the Net Settlement Fund to which you are entitled as a credit to your Plan account, and will give up your rights to sue Defendants about the allegations and topics of this case.<br><br>If you are a **Former Participant**, whose settlement payment is $25 or more, you will receive such payment via a tax-deferred distribution process by which the payment will be transferred to an automatic rollover IRA, after which you will receive instructions for how you can access and manage such account, and will give up your rights to sue Defendants about the allegations and topics of this case.<br><br>If you are a Former Participant whose entitlement would be less than $25, you will not receive any payment but will still be bound by the Settlement Agreement and will give up your rights to sue Defendants about the allegations and topics of this case.<br><br>Payments to Beneficiaries and Alternate Payees will be via check. |

# BASIC INFORMATION

| 1.  What is this notice and why should I read it? |
|---|

A court authorized this notice to let you know about a proposed settlement of a class action lawsuit called *Davis v. Washington University in St. Louis*, No. 4:17-cv-01641 (E.D. Mo.), brought on behalf of the Settlement Class Members, and pending in the United States District Court for the Eastern District of Missouri.  This notice describes the Settlement.  Please read this notice carefully.  Your rights and options—**and the deadlines to exercise them**—are explained in this notice.  Please understand that if you are a Settlement Class Member, your legal rights are affected regardless of whether you act.

The Court has not yet decided whether to approve the Settlement. If the Court does so, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Settlement Class Members according to a Court-approved Plan of Allocation.  Information about your individual share of the Net Settlement Amount, if any, will not be available until several months after the Court grants final approval of the Settlement and any appeals are resolved.

| 2.  What is a class action lawsuit? |
|---|

A class action is a lawsuit in which one or more plaintiffs sue on behalf of a large group of people who allegedly have similar claims.  After the parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and determined that the case should be treated as a class action for settlement purposes.  Among other things, this preliminary approval permits Settlement Class Members to voice their support for, or opposition to, the Settlement before the Court makes a final determination of whether to approve the Settlement.  Because this is a class action for settlement purposes, the Court will resolve these issues for all class members.

Plaintiffs in this Action, Latasha Davis, Jennifer Elliot, and Marla Aliece King-Sims, were participants in the Plan during the Class Period and are referred to as the "Plaintiffs."  The Court has appointed them as named representatives of the Settlement Class.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

| 3.  What is this Action about? |
|---|

Plaintiffs filed a complaint alleging that Defendants breached their fiduciary duties under ERISA—that is, certain responsibilities under federal law—by causing the Plan to incur unreasonable and "excessive" fees for administrative and investment services.  Specifically, Plaintiffs alleged that Defendants caused the Plan and its participants to pay excessive fees for recordkeeping services and offered higher-cost "retail" investment options when lower-cost "institutional" options were available.  A more complete description of what Plaintiffs alleged is in the operative Complaint, available on the Settlement Website at [___*hyperlink*_____].

Defendants deny any and all wrongdoing or liability and assert that their conduct was lawful. Defendants maintain that, at all relevant times, they have acted prudently and solely in the best

interests of Plan participants, in accordance with their fiduciary duties under ERISA.  Among other things, Defendants monitor, review, and evaluate the Plan's investment options, their performance and expenses, and the Plan's administrative fees, thus ensuring the Plan offers participants a reasonable, affordable, and diverse array of investment options.

**4.  Why is there a Settlement?**

The Court has not decided in favor of either side in the Action.  Since the Action was filed June 2017, the Settling Parties have engaged in spirited litigation efforts, including extensive merits and expert discovery that included Defendants' production of thousands of documents, both parties taking several depositions, and the exchange of written expert reports.  Pursuant to a Court order, the Settling Parties engaged in a full-day mediation in late January 2022 before a nationally-recognized mediator and ultimately agreed to the Settlement.

Plaintiffs and their attorneys believe the Settlement is the best option for the Settlement Class Members.  As with any litigated case, Settlement Class Members would face an uncertain outcome if the Action were to continue, which could result in a range of possible recoveries, including a judgment greater or less than the recovery under the Settlement Agreement, or no recovery at all.  Class Counsel also have taken into account the limited availability of insurance.  Class Counsel thus believe this Settlement reflects a reasonable compromise in light of the range of possible outcomes, and that the Settlement is preferable to continued litigation and is in the best interest of the Settlement Class Members.

As noted, Defendants deny any and all liability associated with Plaintiffs' allegations.  However, Defendants and their insurance provider have decided to settle the Action to avoid the expense, inconvenience, and inherent risk of continued litigation, thereby securing a full and final resolution of these claims as to the University and other Released Parties on the terms and conditions set forth in the Settlement Agreement.

## WHO IS INCLUDED IN THE SETTLEMENT?

**5.  How do I know if I am part of the Settlement?**

The Court has decided that anyone who fits the following description is part of the Settlement Class:

> All participants in the Plan at any time during the Settlement Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order that was in effect before the end of the Settlement Class Period and who participated in the Plan at any time during the Settlement Class Period.  Excluded from the Settlement Class are: Monica Allen, Donna Bequette, Lisa Braun, Robert Buer, Trey Byrne, Legail Chandler, Mary Corcoran, Phil Dybvig, Ronald Faulbaum, Barbara Feiner, Lorraine Goffe-Rush, Linda Hack, Margo Jarrell, Amy Kweskin, Ann Prenatt, Jennifer Schaefer, Michael Stohler, Mary Stull, Kim Walker, Henry Webber, Peter Wiedenbeck, Lisa Wood, and Gary Yuhas.

H0111333.

4

If you meet the definition above, then you are a member of the Settlement Class.

## THE SETTLEMENT BENEFITS

### 6.  What does the Settlement provide?

Defendants, through their insurance carrier, has agreed to pay a total amount of $7,500,000 into an account at a financial institution identified by Class Counsel, which shall constitute the "Settlement Fund." This Gross Settlement Amount includes amounts for expenses associated with administering the Settlement, taxes, tax expenses, fees incurred for an Independent Fiduciary's review of the Settlement on behalf of the Plan, as well as Court-approved Attorneys' Fees and Expenses and compensation to the Plaintiffs.  (*See* Questions 9 & 10.)  The net amount of the Settlement Fund, after payment of the aforementioned costs and expenses, will be allocated to the Settlement Class Members according to the approved Plan of Allocation, if and when the Court enters an order finally approving the Settlement.  According to the proposed Plan of Allocation, the amount of each Settlement Class Member's payment is based on the size of his or her average end-of-quarter Plan account balances during the Settlement Class Period.  (*See* Question 7.)

As part of the Settlement, Defendants also agreed to take certain actions in the future with respect to how they manage the Plan. Specifically, Defendants will: (i) continue providing annual fiduciary training for all RPAC members; (ii) evaluate the Plan's investment policy statement at least annually; (iii) issue a "request for proposal" for Plan recordkeeping services within no more than three (3) years; (iv) have the Plan's current investment consultant advise on certain specific attributes concerning the Plan's investment options and fees; and (v) continue maintaining the privacy of Plan participants' confidential personal information.

### 7.  How much will my payment be?

The specific amount you might receive is not yet known and will be determined based on a proposed Plan of Allocation to be approved by the Court.

If you qualify, you will receive a pro rata share of the Net Settlement Amount.  The Plan of Allocation describes how the Net Settlement Amount will be distributed among Settlement Class Members.  The full Plan of Allocation, including the details of each step in how the Settlement Administrator will calculate the Settlement payments, is described further in the Settlement Agreement, available here:  [*hyperlink*].  In general terms, however, the Plan of Allocation provides that each Settlement Class Member's share of the Net Settlement Amount will be calculated as follows:

> The percentage of the Net Settlement Amount to be allocated to each Settlement Class Member will be calculated by dividing the sum of a Settlement Class Member's quarter-end account balances for quarter ended during the Settlement Class Period by the sum of quarter-end account balances of all of the Settlement Class Members for each quarter ended during the Settlement Class Period.

No amount will be distributed to Former Plan Participants whose pro rata share is $25.00 or less, because such amount is *de minimis* and would cost more in processing than its value.  The Plan of Allocation accounts for these individuals by reallocating these amounts among other eligible Settlement Class Members.  The total amount of all checks to be written by the Settlement Administrator plus the total amount of all credits the Plan is instructed to make to Current Participants may not exceed the Net Settlement Amount.

The Settlement Administrator will perform all calculations and determine your pro rata amount.  The Settlement Administrator will have access to all available records, so you do not need to be concerned if you no longer have your account statements.

### HOW TO GET BENEFITS

| **8.  How do I get a settlement payment?** |
| --- |

If you are a Settlement Class Member (*see* Question 5) and a **Current Participant**, your payment will be credited automatically into your Plan account and then invested in accordance you're your investment elections then on file with the Plan recordkeeper for new contributions.  If you have no investment election on file, you will be deemed to have directed such payment to be invested in the Plan's "qualified default investment alternative," as defined in 29 C.F.R. § 2550.404c-5.

If you are a Settlement Class Member and a **Former Participant**, your payment will be made via a tax-deferred distribution process as described in the Settlement Agreement, by which your payment will be transferred into a new automatic rollover IRA and you will then receive instructions for how to access and manage such account.  Among other options, you may elect to roll over your payment to another eligible account or take an immediate cash distribution (subject to taxes and other applicable withholdings).

If you are a **Beneficiary** entitled to receive payments on behalf of a Settlement Class Member, you will receive your payment under the Settlement directly in the form of a check.  If you are an **Alternate Payee** entitled to receive payments on behalf of a Settlement Class Member pursuant to a Qualified Domestic Relations Order that was in effect during the Settlement Class Period (*i.e.*, between June 8, 2011 and March 31, 2022), you also will receive your payment of the Settlement amount (pursuant to the terms of your QDRO) directly in the form of a check.

| **9.  When will I get my payment?** |
| --- |

It is hard to say when you may receive your pro rata share of the Net Settlement Amount.  However, the Settlement amounts should be distributed approximately three (3) months after the Settlement has received final approval by the Court (and/or after any appeals have been resolved in favor of the Settlement).  The hearing to consider the final fairness of the Settlement is scheduled for [_____], 2022.  Should there be an appeal, this can take one year or longer.

All checks will expire and become void 120 days after they are issued, if they have not been cashed.

These payments may have certain tax consequences.  You should consult your tax advisor.

Please note:  There will be no payments if the Settlement is terminated.  The Settlement may be terminated on several grounds, described in the Settlement Agreement.  In the event any of these conditions occur, there will be no Settlement payment made, and the litigation will resume.

## THE LAWYERS REPRESENTING YOU

### 10.  Who represents the Settlement Class, including me?

For purposes of the Settlement, the Court has appointed as Plaintiffs' "Co-Lead Class Counsel" the law firms of Berger Montague, PC, Chimicles Schwartz Kriner & Donaldson-Smith LLP, and Schneider Wallace Cottrell Konecky LLP.  "Class Counsel" includes these Co-Lead Class Counsel as well as the law firms of Edelson Lechtzin LLP, Carey Danis & Lowe, and the Edgar Law Firm LLC.  If you want to be represented by your own lawyer, you may hire one at your own expense.

In addition, the Court appointed Plaintiffs Latasha Davis, Jennifer Elliot, and Marla Aliece King-Sims as representatives of the Settlement Class.  They are also Settlement Class Members.  Subject to approval by the Court, Class Counsel has proposed that $5,000 may be paid to each Plaintiff as the Class representative, in recognition of time and effort they expended on behalf of the Settlement Class.  The Court will determine the proper amount of any such payment to Plaintiffs.

### 11.  How will the lawyers be paid?

No later than [DATE], 2022, Class Counsel will file a petition asking the Court to award Attorneys' Fees and Expenses (a copy will be posted on the Settlement Website, available at [*hyperlink*]).  The Court will consider Class Counsel's petition at the Final Fairness Hearing.  Class Counsel will apply for attorneys' fees not to exceed one-third of the Gross Settlement Amount, plus out-of-pocket expenses incurred in prosecuting this case. The Court will decide the amount of any attorneys' fees and expenses to award to Class Counsel.  Any and all attorneys' fees and expenses awarded by the Court will be paid to Class Counsel from the Gross Settlement Amount.

As noted, Class Counsel also will request that $5,000 be paid from the Gross Settlement Amount to each of the three Plaintiffs, in recognition of their assistance in this case.

You have the right to object to this aspect of the Settlement even if you approve of its other aspects.

## YOUR RIGHTS AND OPTIONS

### 12.  What is the effect of the Court's final approval of the Settlement?

If the Court grants final approval of the Settlement, a final order and judgment dismissing the case will be entered in the Action.   Payments under the Settlement will then be processed and distributed.  The release by Settlement Class Members will also take effect.  All members of the Settlement Class will release and forever discharge the University, Defendants, and each of the

other Released Parties from any and all of "Plaintiffs' Released Claims," which are defined in the Settlement Agreement (at ¶ 2.33) as follows:

**2.33** "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state or local law, whether by statute, contract or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, arising from conduct by the Released Parties with respect to the Plan occurring during the Class Period:

**2.33.1** That were asserted in the Class Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in any iteration of the Plaintiffs' complaints in the Class Action; or

**2.33.2** That arise out of, relate in any way to, are based on, or have any connection with the Plan's management or administration, including but not limited to: (a) the selection, oversight, retention, monitoring, compensation, fees, or performance of the Plan's investment options or service providers or advisors; (b) fees, costs, or expenses charged to, paid, or reimbursed by the Plan or any Settlement Class Member; (c) Released Parties' disclosures or failures to disclose information regarding the Plan's investment options or service providers; (d) the investment options offered to Plan participants; (e) the compensation paid by the Plan to the Plan's service providers; (f) the selection of service providers or advisors to the Plan; (g) the services provided to the Plan or costs of those services; (h) the payment of compensation based on a percentage of total assets; (i) the Plan's investment structure(s); or (j) any alleged breach by the Released Parties of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions; or

**2.33.3** That would be barred by *res judicata* based on entry of the Final Order; or

**2.33.4** That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any member of the Settlement Class in accordance with the Plan of Allocation; or

**2.33.5** That relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

**2.33.6** Without in any way limiting the foregoing release, and solely for the avoidance of doubt, it is the intent of the parties that the Released Claims include all breach of fiduciary duty and prohibited transaction claims against the University relating to TIAA's participant loan program, but it is not the intent of the parties to release the claims alleged by the Plaintiffs against TIAA in *Haley v. Teachers Insurance and Annuity Assoc.*, 1:17-cv-00855-JPO (S.D.N.Y.) in connection with TIAA's loan program with respect to any ERISA retirement plan.

If the Settlement is approved, no Settlement Class Member will be permitted to assert any Released Claims in any other litigation against the University, Defendants, or any other Released Party.

### 13.  Can I opt out of the Settlement?

No.  If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms.  You cannot exclude yourself from the Settlement.  If the Court approves the Settlement, it will do so on behalf of a "mandatory" class under Federal Rule of Civil Procedure 23(b)(1), which does not permit class members to opt out of the Settlement Class.  However, although you cannot opt out of the Settlement, you can notify the Court of any objection you might have to the Settlement, as described below (*see* Question 16).

### 14.  What happens if I do nothing at all?

If you are a Settlement Class Member and do nothing, you still will participate in the Settlement of the Action as described in this Notice.  And you will release any claims you may have against Defendants and the other Released Parties concerning the conduct Plaintiffs allege in this Action.  You may receive a payment as described in Question 8.

### 15.  Can I sue Defendants for the same thing later?

No.  If the Court approves the Settlement, you will have released any right to sue the University, Defendants, or any Released Party for the claims being resolved by this Settlement and any and all other "Released Claims," as set forth in the Settlement Agreement (and in Question 12 above).

### 16.  How do I tell the Court that I object to the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not agree with any part of it.  To object, you must file with the Court a written statement of your objection(s), specifying the reason(s) for each objection, including any legal support or evidence that you wish to bring to the Court's attention. The Court will consider your views.

Your objection must include your name, address, and phone number.  Your objection must also be signed by you or your counsel.  Be sure to also include the following case caption and notation: "*Davis, et. al., v. Washington University in St. Louis, et. al.*, Case No. 4:17-cv-01641-RLW."

Please note that the Court's Preliminary Approval Order of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests on any objector, including requests for documents and notice of deposition not to exceed two hours in length.  Any responses to discovery, or any depositions, must be completed within ten (10) days of the request being served on the objector.

**You must mail your objection to each of the addresses listed below and file the objection with the Court at least twenty (20) calendar days prior to the Final Fairness Hearing.  If you do**

**not timely file an objection it will be deemed to have been waived, and you will be barred from raising the untimely objection.**

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Eastern District of Missouri<br>111 South 10th Street<br>Suite 3.300<br>St. Louis, MO 63102 | Todd Collins, Esquire<br>Berger Montague PC<br>1818 Market Street, Suite 300<br>Philadelphia, PA 19103<br><br>Steve Schwartz, Esquire<br>Chimicles Schwartz Kriner &<br>Donaldson-Smith LLP<br>361 West Lancaster Avenue<br>Haverford, PA 19041<br><br>John Nestico, Esquire<br>Schneider Wallace Cottrell<br>Konecky LLP<br>6000 Fairview Rd.<br>Suite 1200<br>Charlotte, NC 28211 | Brian T. Ortelere<br>Morgan, Lewis & Bockius LLP<br>1701 Market St.<br>Philadelphia, PA 19103<br><br>Deborah S. Davidson<br>Matthew A. Russell<br>Morgan, Lewis & Bockius LLP<br>110 N. Wacker Drive<br>Chicago, Illinois 60606<br><br>Christopher A. Smith<br>Husch Blackwell<br>The Plaza in Clayton<br>190 Carondelet Plaza<br>Suite 600<br>St. Louis, Missouri 63105 |

## THE COURT'S FAIRNESS HEARING

### 17.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate.  The Final Fairness Hearing has been set for [DATE], 2022, at [TIME], before The Honorable Ronnie L. White, at the United States District Court for the Eastern District of Missouri, 111 South 10th Street, St. Louis, MO 63102.

At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for Attorneys' Fees and Expenses and the Plaintiffs' Compensation.  You may attend the Final Fairness Hearing and also may ask to speak.  If there are objections, the Court will consider them— but you do not need to attend the Final Fairness Hearing to have the Court consider an objection.

**Note**:  The date and time of the Final Fairness Hearing are subject to change by Court Order and may be conducted via conference call or other remote means.  You will not receive a separate notice, but any such changes will be posted on the Settlement Website, at [*hyperlink*].

### 18.  Do I have to come to the hearing?

No, but you are welcome to come at your own expense.  Class Counsel will answer any questions the Court may have.  If you send an objection, you do not have to attend the Final Fairness Hearing

to voice your objection in person.  As long as you mail your written objection on time and meet the other criteria outlined above, the Court will consider it.  You also may pay your own lawyer to attend the Final Fairness Hearing, but attendance is not necessary.

| **19.  May I speak at the hearing?** |
| --- |

Yes. You must send a letter or other paper called a "Notice of Intention to Appear at the Final Fairness Hearing in *Davis, et. al., v. Washington University in St. Louis, et. al.*, Case No. 4:17-cv-01641-RLW."  Be sure to include your name, address, telephone number, and signature.  Your Notice of Intention to Appear must be postmarked no later than [DATE] and be sent to the Clerk of the Court, Class Counsel, and Defendants' Counsel at the addresses listed above.

## GETTING MORE INFORMATION

| **20.  Where can I get more information?** |
| --- |

This notice provides only a summary of matters relating to the Settlement.  For more detailed information, you may wish to review the complete Settlement Agreement.  That Agreement and various other related information can be found at the Settlement Website, [hyperlink].

You may also obtain more information by writing to the Settlement Administrator at [*address*] or by calling toll-free at [*phone number*].  The Settlement Agreement and other pleadings and papers filed with the Court are also available during regular business hours at the office of the Clerk of the United States District Court located at 111 South 10th Street, Suite 3.300, St. Louis, MO 63102.

If you would like additional information, Class Counsel may be reached at:

Todd Collins, Berger Montague PC, 1818 Market Street, Suite 3600, Philadelphia, PA 19103, tcollins@bm.net, (215) 875-3000;

Steve Schwartz, Chimicles Schwartz Kriner & Donaldson-Smith LLP, 361 West Lancaster Avenue, Haverford, PA 19041, steveschwartz@chimicles.com, (610) 642-8500;

John Nestico, Schneider Wallace Cottrell Konecky Wotkyns LLP, 8501 N. Scottsdale Rd., Suite 270, Scottsdale, AZ 85253; jnestico@schneiderwallace.com; (480) 428-0145.

## PLEASE DO **NOT** CONTACT THE COURT, THE JUDGE, THE UNIVERSITY, OR OTHER DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT.