IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LATASHA DAVIS, JENNIFER ELLIOTT, and MARLA ALIECE SIMS-KING, Individually and as representatives of a class of participants and beneficiaries in and on behalf of the WASHINGTON UNIVERSITY RETIREMENT SAVINGS PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON UNIVERSITY IN ST. LOUIS,  WASHINGTON UNIVERSITY IN ST. LOUIS BOARD OF TRUSTEES, WASHINGTON UNIVERSITY IN ST. LOUIS RETIREMENT PLAN ADVISORY COMMITTEE,  WASHINGTON UNIVERSITY IN ST. LOUIS PLAN ADMINISTRATION COMMITTEE, and WASHINGTON UNIVERSITY IN ST. LOUIS EXECUTIVE VICE CHANCELLOR AND CHIEF ADMINISTRATIVE OFFICER <br><br> Defendants. | Case No. 4:17-cv-01641-RLW |

**ORDER GRANTING PRELIMINARILY APPROVAL**
**OF CLASS ACTION SETTLEMENT**

In this putative class action, Plaintiffs Latasha Davis, Jennifer Elliot, and Marla Aliece King-Sims ("Plaintiffs") asserted claims against Defendants Washington University in St. Louis and its Board of Trustees, Retirement Plan Advisory Committee, Plan Administration Committee, and Executive Vice Chancellor and Chief Administrative Officer ("Defendants") (collectively, the "Parties"), for alleged violations of the Employee Retirement Income Security Action of 1974, as amended U.S.C. § 1001, et. seq. ("ERISA"), with respect to the Washington University in St. Louis Retirement Savings Plan ("Plan").  Defendants deny the allegations and claims of Plaintiffs, and

deny that they are liable at all to the Settlement Class. The Parties have reached a resolution of this matter, as memorialized in the Class Action Settlement Agreement ("Settlement")[1] which sets forth the terms and conditions for a proposed global settlement of this Action and for its dismissal with prejudice upon the terms and conditions set forth therein.

Currently before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement. Specifically, Plaintiffs have moved the Court for an order (i) preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, (ii) preliminarily certifying the Settlement Class for settlement purposes only, upon finding that the Court will most likely be able to certify the Settlement Class after the Final Fairness Hearing, and (iii) directing notice as set forth herein. Defendants do not oppose this request.

The Court is familiar with and has reviewed the record, the Settlement, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and Memorandum of Points and Authorities in Support Thereof, and the supporting Declarations, and has found good cause for entering the following Order.

**NOW THEREFORE**, **IT IS HEREBY ORDERED AND ADJUDGED:**

### Jurisdiction

The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Settlement Class Members.

### Settlement Class Certification

1. The Court preliminarily finds, for Settlement purposes only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(1) are likely to be satisfied for the Settlement Class, as defined in ¶ 3 below. In support of this conclusion, the Court provisionally finds as follows:

---

[1] All capitalized terms herein, unless otherwise defined, shall have the same meaning as that attributed in the Class Action Settlement Agreement executed on April 15, 2022.

      a.     The Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria;

      b.     Rule 23(a)(1) is satisfied because there are over 20,000 potential Settlement Class Members, making joinder impracticable;

      c.     Rule 23(a)(2) is satisfied because there are one or more questions of fact and/or law common to the Settlement Class that can or would be resolved as to the Plan, not only as to individual participants, including: whether Defendants owed fiduciary duties to Plaintiffs and Plan participants and beneficiaries under ERISA; whether Defendants breached these duties; and whether the Plan suffered harm as a result of Defendants' alleged breaches of duty;

      d.     Rule 23(a)(3) is satisfied because Plaintiffs' claims are typical of the claims of the Settlement Class in that all claims arise from the same or similar alleged breaches of fiduciary duties under ERISA;

      e.     Rule 23(a)(4) is satisfied because Plaintiffs will fairly and adequately represent the Settlement Class, in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the Settlement Class Members; (ii) there are no significant conflicts between or among Plaintiffs and the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable Interim Co-Lead Class Counsel who are experienced in preparing and prosecuting ERISA class actions of this type;

      f.     As required by Rule 23(b)(1), the prosecution of separate actions by individual Settlement Class Members would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for Defendants; and (ii) adjudication as to individual Settlement Class Members would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede those persons' ability to protect their interests.

    3.     Based on the finding above, the Court **PRELIMINARY CERTIFIES** the following Settlement Class for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(1):

> All persons who participated in the Plan at any time during the Settlement Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order that was in effect before the end of the Settlement Class Period and who participated in the Plan at any time during the Settlement Class Period.  Excluded from the Settlement Class are:  Monica Allen, Donna Bequette, Lisa Braun, Robert Buer, Trey Byrne, Legail Chandler, Mary Corcoran, Phil Dybvig, Ronald Faulbaum, Barbara Feiner, Lorraine Goffe-Rush, Linda Hack, Margo Jarrell, Amy Kweskin, Ann Prenatt, Jennifer Schaefer, Michael Stohler, Mary Stull, Kim Walker, Henry Webber, Peter Wiedenbeck, Lisa Wood, and Gary Yuhas.

The Settlement Class Period shall be defined as June 8, 2011 through March 31, 2022.

4. The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1).  Settlement Class Members shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

5. The Court hereby appoints Plaintiffs as Class Representatives to represent the Settlement Class.  Pursuant to Rule 23(g), the Court also hereby appoints Interim Co-Lead Class Counsel – Berger Montague PC, Chimicles Schwartz Kriner & Donaldson-Smith LLP, and Schneider Wallace Cottrell Konecky Wotkyns LLP – as Class Counsel.  The Court finds that Interim Co-Lead Class Counsel: (i) have done substantial work identifying and investigating Plaintiffs' claims; (ii) have committed the necessary resources to represent the Settlement Class; and (iii) have knowledge of the applicable ERISA law.

## Preliminary Approval of the Settlement

6. The Settlement documented in the Class Action Settlement Agreement is hereby **PRELIMINARILY APPROVED**. Specifically, the Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Settlement Agreement was executed only after the Parties engaged in substantial litigation for nearly five years and after

Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the Parties involving Defendants' compliance with the fiduciary requirements of ERISA; (d) Class Counsel has concluded that the Settlement is fair, reasonable, and adequate; and (e) the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

7. The Gross Settlement Amount shall be deposited into an escrow account and shall be managed by the Escrow Agent as detailed in the Settlement Agreement. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court, until such time as such funds may be distributed pursuant to the Settlement Agreement.

### Establishment of a Qualified Settlement Fund & Appointment of a Settlement Administrator

8. A common fund is agreed to by the Parties in the Settlement Agreement and is hereby established and shall be known as the *Davis v. Washington University* ERISA Litigation Settlement Fund (the "Settlement Fund" or "Gross Settlement Amount"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be administered in accordance with the Settlement Agreement, the relevant terms of which the Court expressly adopts and incorporates as part of this Order.

9. The Court appoints Angeion Group LLC as the Settlement Administrator for providing Settlement Notice, implementing the Plan of Allocation, and otherwise assisting in administration of the Settlement as set forth in the Settlement Agreement.

### Manner and Form of Settlement Notice

10. The Court **APPROVES** the Settlement Notice substantially consisting of a form, attached as Exhibit E to the Class Action Settlement Agreement. The Court finds that the proposed form and content of the Settlement Notice, as well as the Settlement Website referenced in the Settlement Notice, fairly and adequately: (1) describe the terms and effect of the Settlement; (2) notify the Settlement Class concerning the proposed Plan of Allocation; (3) notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for the Plaintiffs, Attorneys' Fees and Expenses; (4) give notice to the Settlement Class Members of the time and place of the Final Fairness Hearing; and (5) describe how the recipients of the Settlement Notice may object to any relief requested and/or the approval of the Settlement.

11. The Parties have proposed the following manner of communicating the Settlement Notice to Settlement Class Members, and the Court finds that such manner is the best notice practicable under the circumstances and directs that by at least fifteen (15) calendar days after receiving the information from the Plan's recordkeeper(s) as identified in paragraph 3.4 of the Settlement Agreement the Settlement Administrator shall:

   a. Establish a toll-free hotline and Settlement Website, on which the Settlement Administrator will post the following documents, or links to such documents, as they become available: (a) the operative Complaint; (b) the Settlement Agreement and its Exhibits; (c) the Settlement Notice; (d) the Former Participant Claim Form; (e) Class Counsel's motion for Attorneys' Fees and Expenses and Plaintiffs' Compensation; (f) any Court orders related to the Settlement; (g) any amendments or revisions to these documents; and (h) any other documents or information upon which the Settling Parties mutually agree in writing.

   b. Cause to be sent to each Settlement Class Member identified by the Settlement Administrator the Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached as Exhibit D to the Settlement Agreement, or a form subsequently agreed upon by the Parties and approved by the Court. The Settlement Notice shall be sent to the last known email address or, if no known email address (or where a known email address

6

       is determined to be invalid), then within a reasonable amount of time mailed by first-class mail to the last known mailing address, of each Settlement Class Member provided by the Plan's recordkeeper(s) (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan's recordkeeper (or its designee).  The Settlement Administrator shall use commercially reasonable efforts to locate any Settlement Class Member whose Settlement Notice is returned and re-send such documents one additional time.

      c.    The Settlement Administrator and/or Class Counsel also shall post a copy of the Settlement Notice on the Settlement Website.  In addition, if requested by a Settlement Class Member, the Settlement Administrator shall provide by electronic or other means a copy of the Settlement Notice to such Settlement Class Member.

12. Pursuant to the Settlement Agreement, Defendants shall cooperate with the Settlement Administrator by providing or facilitating the provision of, in electronic format, the names, addresses, email addresses (to the extent available), and social security numbers or other unique identifiers of members of the Settlement Class. This personal information obtained pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

13. At or before the Final Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

14. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement.

15. The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class.

### The Final Fairness Hearing

16. The Court will hold a Final Fairness Hearing on August 31, 2022, at 2:00 p.m. in Courtroom 10 South at the United States District Court, Eastern District of Missouri, 111 South

10th Street, St. Louis, MO 63102 to finally determine: (i) whether the Settlement Class satisfies the applicable requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(1); (ii) whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class under FED. R. CIV. P. 23; (iii) whether the Settlement Notice and notice methodology were performed as directed by this Court; (iv) whether Class Counsel's application for an award of Attorneys' Fees and Expenses and for compensation to the Plaintiffs as Class Representatives should be approved; (v) whether the Administrative Expenses specified in the Settlement Agreement and requested by the Parties should be approved for payment from the Gross Settlement Amount; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Court may, in its discretion, conduct the Final Fairness Hearing by telephone conference or other remote means.

17.     Class Counsel's application for an award of Attorneys' Fees and Expenses and for Plaintiffs' Compensation to the Class Representatives will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any appeal from any order relating solely to Class Counsel's application for an award of Attorneys' Fees and Expenses, and/or to Class Counsel's application for Plaintiffs' Compensation, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of a judgment approving the Settlement.

18.     Plaintiffs' motion in support of Class Counsel's application for Attorneys' Fees and Expenses and for Plaintiffs' Compensation awards shall be filed at least thirty (30) days before the date of the Final Fairness Hearing set by the Court, or by no later than August 1, 2022.

19. Plaintiffs' motion in support of final approval of the Settlement shall be filed at least thirty (30) days before the date of the Final Fairness Hearing set by the Court, or by no later than August 1, 2022.

## Objections and Appearances at the Final Fairness Hearing

20. An "Objector" shall mean any Settlement Class Member who may appear at the Final Fairness Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or to comment on or oppose Class Counsel's proposed award for Attorneys' Fees and Expenses, or to the proposed compensation to Plaintiffs as Class Representatives.  Any Objector must file with the Court a statement of his/her/its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection.  Any objection must be signed by the Objector.  The Objector must also mail the objection and all supporting law and evidence to counsel for the Parties, as stated below. The addresses for filing objections with the Court and service on counsel are as follows:

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Eastern District of Missouri<br>111 South 10th Street<br>Suite 3.300<br>St. Louis, MO 63102 | Todd Collins, Esquire<br>Berger Montague PC<br>1818 Market Street, Suite 300<br>Philadelphia, PA 19103<br><br>Steve Schwartz, Esquire<br>Chimicles Schwartz Kriner &<br>Donaldson-Smith LLP<br>361 West Lancaster Avenue<br>Haverford, PA 19041<br><br>John Nestico, Esquire<br>Schneider Wallace Cottrell<br>Konecky LLP<br>6000 Fairview Rd. | Brian T. Ortelere<br>Morgan, Lewis & Bockius LLP<br>1701 Market St.<br>Philadelphia, PA 19103<br><br>Deborah S. Davidson<br>Matthew A. Russell<br>Morgan, Lewis & Bockius LLP<br>110 N. Wacker Drive<br>Chicago, Illinois 60606<br><br>Christopher A. Smith<br>Husch Blackwell<br>The Plaza in Clayton<br>190 Carondelet Plaza |

9

|  | Suite 1200<br>Charlotte, NC 28211 | Suite 600<br>St. Louis, Missouri 63105 |
|---|---|---|

21. The Objector, or, if represented by counsel, his/her/its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court at least twenty (20) days prior to the Fairness Hearing, or by no later than August 11, 2022.  Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.  The Settling Parties' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

22. Any party wishing to obtain discovery from any Objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any Objector within five (5) calendar days of receipt of the objection and that any responses to discovery or depositions must be completed within five (5) calendar days of the request being served on the Objector.

23. The Settling Parties may respond to any objection at least five (5) calendar days prior to the Fairness Hearing, or by no later than August 26, 2022.

24. Any Settlement Class Member or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement and any untimely objection shall be barred.

**Fees and Expenses Incurred by the Independent Fiduciary and Settlement Administrator**

25. The Court understands that Defendants have retained or will retain an Independent Fiduciary for the purpose of evaluating the Settlement to determine whether to authorize the

10

Settlement on behalf of the Plan. The Independent Fiduciary's fees are considered part of the Gross Settlement Amount and will be paid as Administrative Expenses out of the Settlement Fund. The Court understands that the expenses incurred by the Settlement Administrator in administering the Settlement and allocating the Settlement Fund pursuant to the Plan of Allocation approved by the Court, including any payable expenses of Retirement Clearinghouse, shall be paid as Administrative Expenses out of the Settlement Fund.

### Termination of the Settlement

26.     If the Settlement is terminated or fails to become effective in accordance with the Settlement Agreement, this Order shall be null and void, and the Parties shall return to their respective positions without any prejudice, as provided for in the Settlement Agreement.

### Limited Use of This Order

27.     No part of this Order shall be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief Plaintiffs requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any arguments, defenses, or claims he, she, or it may have.

### Reservation of Jurisdiction

28.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

### Injunction and Parallel Proceedings

29.     Pending further order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement, including the Plan of Allocation, are

hereby **STAYED**, and all hearings, deadlines, and other proceedings in the Litigation, except the Final Fairness Hearing and the matters set forth in this Order, are **VACATED**. Pending final determination of whether the Settlement Agreement should be approved, the Plaintiffs, each Settlement Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

### Class Action Fairness Act Notice

30.  The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit A to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

### Continuance of Hearing

31.  The Court may continue the Final Fairness Hearing in its discretion without direct notice to the Settlement Class, other than by notice to the Parties' respective Counsel.

**SO ORDERED**.

Dated this 18th day of April, 2022.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**