IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LATASHA DAVIS, JENNIFER ELLIOTT, and MARLA ALIECE SIMS-KING, Individually and as representatives of a class of participants and beneficiaries in and on behalf of the WASHINGTON UNIVERSITY RETIREMENT SAVINGS PLAN,<br><br>            Plaintiffs,<br><br>v.<br><br>WASHINGTON UNIVERSITY IN ST. LOUIS, WASHINGTON UNIVERSITY IN ST. LOUIS BOARD OF TRUSTEES, WASHINGTON UNIVERSITY IN ST. LOUIS RETIREMENT PLAN ADVISORY COMMITTEE, WASHINGTON UNIVERSITY IN ST. LOUIS PLAN ADMINISTRATION COMMITTEE, and WASHINGTON UNIVERSITY IN ST. LOUIS EXECUTIVE VICE CHANCELLOR AND CHIEF ADMINISTRATIVE OFFICER<br><br>            Defendants. | Case No. 4:17-cv-01641-RLW<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

WHEREFORE, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, it is hereby ORDERED and ADJUDGED as follows:

1.    For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the parties' Settlement Agreement, dated April 15, 2022 (ECF No. 146-1).

2.    The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the settlement Class.

3. The Court confirms that the Class certified under FED. R. CIV. P. 23(b)(1) is appropriate, and the Court certifies the following non-opt-out Class:

> All persons who participated in the Plan at any time during the Settlement Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order that was in effect before the end of the Settlement Class Period and who participated in the Plan at any time during the Settlement Class Period. Excluded from the Settlement Class are: Monica Allen, Donna Bequette, Lisa Braun, Robert Buer, Trey Byrne, Legail Chandler, Mary Corcoran, Phil Dybvig, Ronald Faulbaum, Barbara Feiner, Lorraine Goffe-Rush, Linda Hack, Margo Jarrell, Amy Kweskin, Ann Prenatt, Jennifer Schaefer, Michael Stohler, Mary Stull, Kim Walker, Henry Webber, Peter Wiedenbeck, Lisa Wood, and Gary Yuhas.

The Settlement Class Period shall be defined as June 8, 2011 through March 31, 2022.

4. In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Settlement Notice has been sent to 44,837 Settlement Class Members via email or first class USPS mail. As a result, the Settlement Notice program was very effective and was estimated to be successfully delivered to over 98% of Settlement Class Members. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, et seq., a separate notice of the Settlement Agreement ("CAFA Notice") was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

5. The form and methods of notifying the Settlement Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2) and (e), and due process, and constituted the best notice plan practicable under the circumstances, with due and sufficient notices of the Final Fairness Hearing and the rights of all Settlement Class Members have been provided to all people, powers and entities entitled thereto.

6. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement Agreement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action based on the following findings of fact, conclusions of law, and determination of mixed fact/law questions:

a. The Settlement was negotiated only after Class Counsel had conducted substantial motion practice and after completing extensive fact and expert discovery;

b. The merits of Plaintiffs' case weighed against the terms of the Settlement support approval;

c. If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

d. At all times, the named Plaintiffs have acted independently and in the best interest of the Class;

e. The Settlement resulted from arm's-length negotiations by highly—experienced and competent Class Counsel and Defendants' counsel that was overseen by a veteran, neutral mediator;

f. The Gross Settlement Amount of $7,500,000, is fair, reasonable, and adequate and within the range of reasonable settlements that are appropriate in this case;

g. Class Counsel and the Plaintiffs have concluded that the Settlement Agreement is fair, reasonable and adequate;

h. Settlement Class Members have had the opportunity to be heard on all issues regarding the resolution and release of their claims, including the opportunity to submit objections to the Settlement to the Court. There were no objections to the Settlement; and

      i.    The Settlement was reviewed by an Independent Fiduciary, Fiduciary Counselors, who has approved the Settlement.

7.    The Plan of Allocation for the Gross Settlement Fund is approved as fair, reasonable, and adequate. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

8.    The Court finds that Defendants satisfied all applicable CAFA requirements in connection with this Settlement.

9.    The Motion for Final Approval of the Class Action Settlement (ECF No. 148) is hereby **GRANTED**, and the Settlement Agreement, including but not limited to the waiver and release of the Released Claims and all other terms are approved as fair, reasonable and adequate to the Plan and the Settlement Class. The parties are hereby directed to take the necessary steps to effectuate the Settlement Agreement in accordance with its terms and conditions.

10.    As of the Settlement Effective Date, the Plaintiffs, the Plan, and the Settlement Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalves and on behalf of the Plan, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Parties from the Released Claims, whether or not such Settlement Class Members have received a monetary benefit from the Settlement, whether or not such Settlement Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Expenses, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed.

11. The Class Members and the Plan acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including an IRS determination letter proceeding, Department of Labor proceeding, or proceeding before a state insurance department or commissioner), any cause of action, demand, or claim on the basis of, connected with, arising out of, or substantially related to, any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement pursuant to the procedures set forth in the Settlement Agreement.

12. As of the Settlement Effective Date, the Plaintiffs, the Settlement Class Members, and the Plan (subject to Independent Fiduciary approval as required by Article 3), expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

13. Class Counsel, the Plaintiffs, Settlement Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Settlement Class Member not to object to the Settlement. Notwithstanding the foregoing, each Settlement Class Member and the Plan shall expressly, upon

the entry of the Final Approval Order, be deemed to have, and, by operation of the Final Approval Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims.

14. The Settlement Class Members and the Plans hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Members and the Plans with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law of any State or territory of the United States or any foreign country, or any principle of common law, which are similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

15. Each Settlement Class Member and the Plan shall release the Released Parties, Defense Counsel, and Class Counsel from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

16. The Court shall retain jurisdiction over this Action solely to enforce the Settlement Agreement, but such retention of jurisdiction shall not affect the finality of this Final Approval order and Judgment.

17. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant, Former Participant, Beneficiary, and Alternate Payee pursuant to the Plan of Allocation specified in Article 6 of the Settlement Agreement. All questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

18. Within ten (10) business days of completing all aspects of the Settlement's Plan of Allocation, the Settlement Administrator shall prepare and send to Class Counsel and Defendants' Counsel the information regarding payments made to Settlement Class Members, as required by Section 6.16 of the Settlement Agreement.

19. The Action and all Released Claims, whether asserted by named Plaintiffs on their own behalf or on behalf of the Settlement Class Members, are hereby **DISMISSED** with prejudice and with costs to be paid in accordance with any further order of this Court and as otherwise provided for in the Settlement Agreement.

Dated this 31st day of August, 2022.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE